IDENTISEAL CORPORATION OF WIS-
CONSIN, a Wisconsin Corporation,
Plaintiff-Appellant,

v.

POSITIVE IDENTIFICATION SYSTEMS,
INCORPORATED, a Texas Corpora-
tion, Defendant-Appellee.

No. 76–2051.

United States Court of Appeals,
Seventh Circuit.

Argued April 14, 1977.

Decided Aug. 19, 1977.

Aaron Belongia, Milwaukee, Wis., for plaintiff-appellant.

John H. Wessel, Milwaukee, Wis., for defendant-appellee.

Before SWYGERT and BAUER, Circuit Judges, and JAMESON, Senior District Judge.[1]

SWYGERT, Circuit Judge.

The outcome of this appeal turns on whether the district court, in presiding over the pretrial phase of the case, had the power to compel plaintiff to conduct discovery instead of permitting it to litigate the entire suit at trial. We conclude that the district court lacked the authority to compel involuntary discovery and we reverse the court's order dismissing the complaint.

I

On April 26, 1973, plaintiff Identiseal Corporation of Wisconsin filed a complaint against defendant Positive Identification Systems, Inc. in the district court for the Eastern District of Wisconsin. The complaint charged that defendant induced plaintiff to enter into a franchising agreement for the sale of a product known as "Identiseal"; that defendant represented to plaintiff that defendant was successful in the promotion of its products, causing plaintiff to invest $15,000 in defendant's products; and that in fact defendant was not successful in the promotion of its products. Plaintiff sought relief under a common law theory of misrepresentation and under Wisconsin statutes relating to franchising. Jurisdiction was based on diversity of citizenship.

After a delay caused by the death of plaintiff's attorney, the litigation proceeded and a final pretrial conference was held on February 26, 1976. On March 8, 1976, the district court issued an order in which it concluded "that the pretrial work necessary to efficiently try this action had not been done." It ordered that the action be dismissed for want of prosecution, but stayed the order until June 4, 1976 and stated that the order would be vacated if plaintiff's counsel had conducted specified discovery and submitted a new pretrial report by that date.[2]

On June 7, 1976, plaintiff moved to vacate the district court's order of March 8.

---

1. The Honorable William J. Jameson, Senior District Judge for the District of Montana, is sitting by designation.

2. The court held that its order of dismissal would be vacated if plaintiff's counsel satisfied the following conditions:

1. Counsel shall, by means of discovery such as written interrogatories, requests for production of documents, or requests for admissions, ascertain the identity of those persons who have knowledge of the facts relevant or material to the issues of this action

Plaintiff's counsel filed an affidavit in support of the motion and stated that he had "made a considered judgment that discovery would in no way be beneficial to the plaintiff's interest and would at most be of some significant support or assistance to the defendant." He also asserted that the court had exceeded its authority under the Federal Rules of Civil Procedure in ordering plaintiff to conduct discovery or suffer dismissal of the complaint.

and those documents containing information relevant or material to the issues of this action.

2. Counsel shall then, by means of further discovery such as oral depositions or deposition on written questions, determine the actual knowledge of such persons disclosed as having knowledge of the facts. Counsel shall also, by means of requests for production of documents or requests for admissions, obtain copies of relevant documents not already within their possession.

3. Upon the completion of such pretrial discovery that is undertaken in accordance with the preceding paragraphs, counsel shall meet with each other at their mutual convenience and shall prepare and file with this court the final pretrial report called for in the final pretrial order, a copy of which is attached.

4. Should the report or reports not be timely filed, or should they reflect inadequate preparation for trial, the Court shall then enter a final order dismissing this action for want of prosecution.

The "final pretrial order" to which the court referred stated:

For good cause shown, IT IS ORDERED that in preparation for trial, counsel for the parties shall:

1. Meet with each other at their mutual convenience, but not later than two weeks before the date of the final pretrial conference scheduled in the action to which this order refers.

2. Together prepare a report, the principal burden for the composition of which shall be on counsel for the plaintiff(s), and the filing of which shall be made with the court (with a copy to opposing counsel) not later than three days before the date of the final pretrial conference, which shall contain the following:

(a) An agreed statement of all uncontested facts. In the absence of objection to the admissibility of any such facts, such statement will be part of the record. It is contemplated that no proof will be received at trial on the matters covered by such statement.

The district court responded to this motion on August 18, 1976 and acknowledged plaintiff's argument that the court could not compel a litigant to conduct discovery. It held, however, that it did not need to decide this issue because plaintiff had also failed to file the pretrial report called for in the March 8 order. Consequently, it dismissed the action without prejudice pursuant to the March 8 order and sections 7.02 and 10.03 of the court's local rules.[3]

(b) An agreed statement of contested facts.

(c) The names and addresses of each side's prospective witnesses. It is contemplated that other witnesses will not ordinarily be permitted to be called except upon a showing of surprise.

(d) The names and addresses of each side's prospective expert witnesses, together with a stipulated narrative statement of each expert's background and experience. If the case will be tried before a jury, it is contemplated that such statement will be read to the jury, and no proof ordinarily will be received on the matters covered.

(e) An itemized statement of special damages.

(f) A schedule of all exhibits to be offered at the trial, designating those to which objection will be made, with a brief statement as to the grounds for such objection.

(g) A list of depositions, or portions thereof, to be offered at the trial, designating those portions to which objection will be made, with a brief statement as to the grounds for such objection.

(h) Any proposed questions which counsel desire to have the court consider submitting to the jury on voir dire.

3. Submit separate reports, or partial separate reports, if they are unable to agree on the contents of the report, but only after making diligent efforts to agree on a single report.

3. Section 7.02 of the Rules of the United States District Court for the Eastern District of Wisconsin states:

Pretrial Conferences. Each judge on his own initiative, or on motion of any party to an action, may order counsel to appear for a pretrial conference to consider the subjects specified in Rule 16, Federal Rules of Civil Procedure, or other matters determined by the judge. At the time of the pretrial conference, the judge may set a date for a final pretrial conference or for trial, or both, and issue any orders necessary to insure the par-

## II

Plaintiff's appeal is premised on the same ground that it relied upon in its June 7 motion in the district court: that the district court exceeded its authority in ordering plaintiff to conduct discovery instead of developing its entire case at trial. In order to reach the merits of this question, however, we must first examine the rationale which the district court employed in dismissing the complaint.

■ The district court's holding that plaintiff's failure to file the final pretrial report required by the March 8 order was an independent ground for dismissal, whether or not it could be compelled to conduct discovery, depends on the assumption that plaintiff should have filed the pretrial report even if it had not engaged in the discovery procedures mandated by the order. In our judgment this assumption is untenable. A crucial part of the final pretrial report was to be a statement of contested and uncontested facts.[4] The major purpose of discovery was to determine what those facts were. Since plaintiff had already stated those facts which it could determine without discovery in its report for the February 26 conference, it would have been an exercise in futility to file another report in early June when no discovery had been conducted. We therefore conclude that the district court's dismissal of the complaint based on plaintiff's failure to file a final pretrial report can only be upheld if the court's earlier order compelling plaintiff

to conduct the discovery which would provide the facts to be contained in that report was within the court's authority.[5]

Moreover, even though theoretically we could remand the case to the district court for an explicit decision of the question which plaintiff raised in its June 7 motion, we decline to do so. The district court never vacated its March 8 order requiring plaintiff to conduct discovery, and our reading of the record convinces us that the court would adhere to its earlier position if it were forced to face the issue. Therefore, we shall now determine whether the court exceeded its authority in the March 8 order.

## III

■ Discovery in lawsuits in the federal courts is governed by Rules 26 to 37 of the Federal Rules of Civil Procedure. Although these rules provide for judicial intervention to settle disputes about the scope of discovery and to enforce a legitimate request by one party for information or documents from the other party, they do not give district judges the authority to compel a litigant to engage in discovery in the first place.

■ Therefore, the district court's March 8 order can only be upheld if the court had the power, under its general authority over the pretrial phase of a lawsuit, to compel plaintiff to conduct discovery. Pretrial procedure in the district courts is governed by Fed.R.Civ.P. 16, which states in relevant part that "the court may in its discretion

---

ties' completion of preparations for trial or to aid the court in the conduct of the trial. Section 10.03 states:

Lack of Diligence. Whenever it appears to the judge in charge of a case that the plaintiff is not diligently prosecuting the action the judge may enter an order of dismissal with or without prejudice after 20 days' written notice to the parties.

4. *See* note 2 *supra.*

5. At oral argument defendant supplied another basis on which we could uphold the district court's judgment without deciding the merits of the compulsory discovery question. It contended that plaintiff should be estopped from complaining about the discovery required in the March 8 order because it never informed

the court that it was ready for trial without discovery prior to the issuance of that order. Although plaintiff aggravated any confusion that may have arisen as to its readiness to go to trial by waiting until June 7 to file a motion to vacate the March 8 order, we hold that plaintiff made it clear that it did not wish to engage in discovery in its report filed for the February 26 pretrial conference, in which it stated "[t]here are no depositions or transcripts to be utilized at time of trial." We find it clear from the record that the district court required discovery in the March 8 order not because of a misunderstanding as to plaintiff's readiness for trial, but rather because it thought that discovery would facilitate the disposition of the case.

direct the attorneys for the parties to appear before it for a conference to consider . . . [t]he possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof." Under the rule, "the court has wide discretion and power to advance the cause and simplify the procedure before the cause is presented to the jury." *O'Malley v. Chrysler Corp.*, 160 F.2d 35, 36 (7th Cir. 1947).

■ This discretion, however, is not unlimited. The language of the rule does not, by its terms, confer upon the court the power to *compel* the litigants to obtain admissions of fact and of documents even if it is clear that such admissions would simplify the trial of the case. Instead, the rule requires the parties to appear and *consider the possibility* of admissions which would lessen their task at trial.

■ We have recently decided a case in which we made clear that there are limitations on the district court's power at the pretrial conference. In *J. F. Edwards Construction Co. v. Anderson Safeway Guard Rail Corp.*, 542 F.2d 1318 (7th Cir. 1976) (*per curiam*), we held that a district court lacks the authority under Rule 16 to dismiss an action because one of the parties would not agree to a stipulation of facts. We noted that Rule 16 was noncoercive in nature, and we concluded that a dismissal based on a party's refusal to follow the trial judge's wishes expressed at the pretrial conference could only be upheld if that refusal could be characterized as a "failure to prosecute." Because the party that would not agree to the stipulation of facts was clearly not attempting to avoid trial, the district court's order could not stand.

■ In our judgment this appeal is controlled by *J. F. Edwards*. Like the appellant in *J. F. Edwards*, plaintiff in the case at bar did not engage in conduct that could be characterized as a failure to prosecute. Plaintiff was ready to go to trial, and simply disagreed with the district court about the desirability of eliminating the need to develop all of the facts at trial. Although we recognize that its order was based on a commendable desire to simplify the lawsuit, the court had no more authority under Rule 16 to command discovery than the district court in *J. F. Edwards* had to require a stipulation of facts.[6] The limit of the court's power was to compel plaintiff to consider the possibility of conducting discovery,[7] and there is no evidence in the record that plaintiff's attorney rejected the district court's preferred method of litigating the action without giving it serious consideration.

■ Our decision is predicated on more than the absence of express authority in Rule 16 authorizing compulsory discovery. It is also based on the traditional principle that the parties, rather than the court, should determine litigation strategy. *See* Chayes, *The Role of the Judge in Public Law Litigation*, 89 Harv.L.Rev. 1281, 1283 (1976); *Developments in the Law—Class Actions*, 89 Harv.L.Rev. 1318, 1414 (1976). It was the judgment of plaintiff's attorney that his client's chances of prevailing would be maximized if he did not conduct discovery but instead developed his entire case at trial. We cannot say whether this decision was correct. We can say, however, that the decision was for plaintiff's attorney, and not the district court, to make.

The judgment of the district court is reversed and the cause is remanded for further proceedings consistent with this opinion.

---

**6.** The district court relied on sections 7.02 and 10.03 of the local rules, as well as its power to conduct the pretrial conference, in dismissing the complaint. These rules are general in scope, *see* note 3 *supra*, and need not be interpreted to sanction the district court's action. Of course, insofar as they authorize actions which are prohibited under the Federal Rules of Civil Procedure, they are invalid.

**7.** We note that our resolution of this issue is in conflict with the Third Circuit's decision in *Buffington v. Wood*, 351 F.2d 292 (3d Cir. 1965). This opinion has been circulated among all judges of this Court in regular active service. A majority did not favor a rehearing *en banc* on the question of the conflict with *Buffington*. Chief Judge Fairchild, however, did favor a rehearing *en banc* on this issue.