**G. HEILEMAN BREWING CO., INC.,**
**Plaintiff–Appellee,**

v.

**JOSEPH OAT CORPORATION,**
**Defendant–Appellant.**

**No. 86–3118.**

United States Court of Appeals,
Seventh Circuit.

Argued May 20, 1987.

Decided June 13, 1988.

Order Granting Rehearing En Banc
July 22, 1988.

Carroll Metzner, Bell, Metzner & Gierhart, S.C., Madison, Wis., for defendant-appellant.

Richard S. Florsheim, Foley & Lardner, Milwaukee, Wis., for plaintiff-appellee.

Before FLAUM, EASTERBROOK, and MANION, Circuit Judges.

MANION, Circuit Judge.

The district court sanctioned Joseph Oat Corporation (Oat) for failing to send a representative, besides its attorney, to a court-ordered settlement conference. Oat appeals, and we reverse.[1]

---

1. The district court also sanctioned National Union Fire Insurance Company, Oat's liability insurer. However, the notice of appeal in the record names only Oat as an appealing party. Although " 'notices of appeal are entitled to a liberal construction where the intent of the appellant is apparent and the adverse party is not prejudiced,' " *Akins v. Board of Governors,* 840 F.2d 1371, 1371–72 n. 1 (7th Cir.1988), nothing on the face of the notice of appeal here gives *any* indication that both Oat and National Union are appealing. Therefore, National Union is not a party to this appeal, and we do not consider whether the district court erred in sanction-

## I.

In early 1980, Oat supplied a waste water pretreatment system for a waste water treatment plant that RME Associates (RME) built for G. Heileman Brewing Co.'s (Heileman) brewery in La Crosse, Wisconsin. N.V. Centrale Suicker Maatschappij (Centrale), a Dutch corporation, had developed the pretreatment system, and had made Oat its exclusive licensee in the United States.

The waste water treatment plant did not work as expected and disputes arose between Oat, Heileman, and RME. In December, 1982, Oat sued Heileman and RME in federal district court in New Jersey. RME counterclaimed. After the case was transferred to the Western District of Wisconsin, RME joined Centrale as a third-party defendant.

Early in the litigation, Oat and Heileman apparently settled their differences, and the district court dismissed Heileman. Oat also dismissed its claims against RME. After these dismissals, the proceedings consisted of RME's claims against Oat and Centrale.

The district court scheduled a January, 1985 trial for RME's claims. However, RME, Centrale, and Heileman, which was still involved in a parallel state court suit with RME and Centrale, had begun to discuss settlement. Oat, having no desire to settle, was not a party to those discussions. The magistrate, whom the district court had designated to hear pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A), postponed the trial and ordered a settlement conference before him. The magistrate's order stated:

> 5. A settlement conference, which shall include the Heileman Brewing Company, shall be held herein on December 14, 1984, at 2:00 p.m.
>
> ....
>
> (c) ... In addition to counsel, each party shall be represented at the conference by a representative having full authority to settle the case....

Attorney John Possi, Oat's counsel in the pending litigation, appeared for Oat at the December 14 conference. No other Oat representative appeared at the conference. Mr. Joseph McMahon, an independent adjuster, appeared on behalf of National Union Fire Insurance Company, Oat's liability insurer. Both Possi and McMahon informed the magistrate that they had no authority to pay any money to settle; presumably, though, both had authority to settle if Oat or National did not have to pay.

The magistrate, apparently miffed that neither Possi nor McMahon had what he considered "authority to settle," excluded Possi and McMahon from the settlement discussions he conducted on December 14. After the settlement discussions ended, the magistrate called all present into the courtroom and continued the conference until December 19. Possi and McMahon, who had remained at the courthouse despite being excluded from any discussions, were present when the magistrate continued the conference. The magistrate ordered each party, including RME's and Oat's liability insurers, to send a representative with "full authority to settle the case" to the December 19 conference.

Sometime between December 14 and December 19, Possi spoke by telephone to John Fitzpatrick, Oat's outside corporate counsel in Philadelphia (across the Delaware River from Oat's principal place of business in Camden, New Jersey). Possi and Fitzpatrick discussed the magistrate's oral order. Both Possi and Fitzpatrick appear to have interpreted the magistrate's order to require that someone other than trial counsel (either Fitzpatrick or one of Oat's officers) attend the December 19 conference on Oat's behalf. Fitzpatrick told Possi that National Union had indicated it was not willing to pay any money to settle the case and that it would not send anybody to the December 19 conference. Therefore, Fitzpatrick believed Oat could not pay any money to settle the case at

ing National Union. *See* Fed.R.App.P. 3(c); 9 J. Moore & B. Ward, *Moore's Federal Practice* ¶ 203.17, at 3–71 to 3–72 (1987); 16 C. Wright, A. Miller, E. Cooper & E. Gressman, *Federal Practice and Procedure* § 3949, at 356 (1977).

that time. Fitzpatrick asked Possi to contact the magistrate and ask whether it was necessary for anybody from Oat to travel from Philadelphia to Madison, Wisconsin to attend the conference, given that Oat could not pay any money.

Possi called the magistrate's office and explained Oat's predicament to either the magistrate's clerk or secretary. After consulting the magistrate, that person told Possi, "The magistrate stands by his order. He expects someone from Joseph Oat to be at that conference." Possi relayed the magistrate's message to Fitzpatrick. Fitzpatrick then discussed the matter with Maurice Holtz, Oat's vice president. Holtz authorized Fitzpatrick to travel to Madison to attend the conference and inform the court that Oat was not willing at that time to pay any money to settle.

The magistrate did not reduce his order to writing until December 18. The written order stated:

2. In addition to counsel, each party and the insurance carrier of plaintiff Oat and defendant RME, shall be represented at the conference in person by a representative having full authority to settle the case or to make decisions and grant authority to counsel....

3. The attention of the parties and their counsel is directed to Rule 16, Federal Rules of Civil Procedure, and particularly subparagraphs (c) and (f) thereof.

The written order did not arrive at Oat's attorneys' offices until the afternoon of December 19; by that time, Possi was already at the courthouse for the conference.

Possi and Fitzpatrick both appeared on Oat's behalf at the December 19 conference. Neither, however, had authority to offer any payment. Deciding that Oat had violated his December 14 oral order, the magistrate ordered Oat (and National Union, which sent nobody to the conference) to show cause why they should not be subject to sanctions under Fed.R.Civ.P. 16(f). In June, 1985, after a hearing on the

order to show cause, the magistrate ordered Oat and National Union, jointly and severally, to pay RME, Centrale, General Accident Company (RME's insurer), and Heileman the expenses they incurred in attending the December 19 conference, including attorneys' fees. *See G. Heileman Brewing Co. v. Joseph Oat Corp.*, 107 F.R. D. 275, 277–83 (W.D.Wis.1985) (magistrate's opinion attached as appendix to the district court's opinion).

Oat asked the district court to reconsider the magistrate's order. The district court upheld the sanctions. The court reasoned, as did the magistrate, that Fed.R.Civ.P. 16 authorized the district court to order parties to appear at settlement conferences with full authority to settle. 107 F.R.D. at 277. The district court also held that Oat had waived any objection to the magistrate's order to appear because Oat "simply [chose] to ignore" the order rather than ask the district court to vacate or modify the order before December 19. *Id.*[2]

## II.

Centrale, RME, and Heileman eventually settled. As part of that settlement, RME assigned its claims against Oat to Heileman. On March 20, 1985, the magistrate substituted Heileman for RME as a party to the action. On July 17, 1985 (after the magistrate ordered Oat to pay sanctions but before the district court affirmed that order) the district court dismissed Centrale from the case with prejudice pursuant to the settlement.

Oat and Heileman also ultimately settled. On December 5, 1985, the district court entered an order dismissing Heileman's claims against Oat with prejudice. That order was attached to a document that Oat's and Heileman's attorneys had submitted entitled "Stipulation and Order for Dismissal." The order itself stated that the dismissal was upon the attached stipulation and upon Heileman's motion. Both the stipulation and order expressly re-

---

**2.** Oat appeals the district court's decision affirming the magistrate's order that Oat pay sanctions to RME, Centrale, General Accident Company, and Heileman. Of the appellees, only Heileman

and Centrale have submitted briefs on appeal. Since Heileman is the named party in the caption, for simplicity we refer to all arguments for affirming as Heileman's arguments.

served Oat's right to appeal the sanctions against it.

■ Although the sanctions judgment against Oat was not final when the district court entered it, *G. Heileman Brewing Co. v. Joseph Oat Corp.*, No. 85–2538 (7th Cir., Oct. 16, 1985) (unpublished order) (dismissing Oat's appeal for lack of finality), all the parties have now settled and the district court has dismissed the case. The case is over, the sanctions judgment is now final, and we have jurisdiction under 28 U.S.C. § 1291. Oat has not waived its right to appeal the sanctions by settling because Oat expressly reserved its right to appeal the sanctions award. *See Dorse v. Armstrong World Industries, Inc.*, 798 F.2d 1372, 1374–77 (11th Cir.1986); *but see Amstar Corp. v. Southern Pacific Transport Co.*, 607 F.2d 1100 (5th Cir.1979).

■ In a one-paragraph argument citing no authority, Centrale argues that Oat has waived its right to appeal as to Centrale. Centrale notes that Oat did not object to Centrale's dismissal or reserve its right to appeal as to Centrale when the district court dismissed Centrale. Centrale failed to note, however, that Oat was not a party to the agreement to dismiss Centrale. In any event, Centrale has waived its waiver argument by raising it in a perfunctory manner and by citing no authority. *See* Fed.R.App.P. 28; *Ordower v. Feldman*, 826 F.2d 1569, 1576 (7th Cir.1987). Thus, Centrale is a proper party to this appeal.

■ Finally, before reaching the merits, we reject the district court's alternate holding that Oat waived its right to object to the magistrate's order to appear because Oat "ignored" the order. Since the issue here is the magistrate's power to order Oat to appear, we believe it is appropriate to reach the merits. Furthermore, Fitzpatrick did attend the conference as Oat's representative. The inconvenience and expense that Oat and Fitzpatrick incurred also make it inappropriate to hold that Oat waived its right to challenge the magistrate's order because it "ignored" the order.

## III.

■ On the merits, Oat argues that the magistrate had no authority to order it to send a representative, besides its attorney, to the settlement conference. The first question we face is the source of a district court's authority regarding pretrial proceedings. This court recently held that district courts do not have the authority to order litigants or their attorneys to participate in summary jury trials. *Strandell v. Jackson County*, 838 F.2d 884 (7th Cir. 1988). In *Strandell*, we recognized that district courts possess substantial inherent power to manage their caseloads. *Id.* at 886; *see also Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764–67, 100 S.Ct. 2455, 2463–65, 65 L.Ed.2d 488 (1980) (district court has inherent power to assess attorney's fees against an attorney who violates the court's orders in bad faith); *Link v. Wabash R. Co.*, 370 U.S. 626, 630, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962) (district court has inherent power to dismiss a case for failure to prosecute). We emphasized, however, that a district court's inherent powers are not unlimited: district courts must exercise those powers "in harmony with the Federal Rules of Civil Procedure." *Strandell*, 838 F.2d at 886. The federal rules "are the product of a careful process of study and reflection" involving scholars, practitioners, Congress, and the Supreme Court, that seeks to strike a balance between judicial efficiency and litigants' rights. *See id.; see also Roadway Express*, 447 U.S. at 764, 100 S.Ct. at 2463 ("Because inherent powers are shielded from direct democratic controls, they must be exercised with restraint and discretion.") Thus, where the federal rules specifically address an area, it is inappropriate to rely on inherent power to go beyond the bounds the rules set. *See Strandell*, 838 F.2d at 886–88; *cf. Societe Internationale v. Rogers*, 357 U.S. 197, 207, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958) (a district court's authority to dismiss a case for failing to comply with a discovery request comes from Fed.R.Civ.P. 37; relying on another rule or the court's inherent power "can only obscure analysis of the problem").

■ Fed.R.Civ.P. 16 specifically addresses a district court's authority to conduct pretrial conferences—including settlement conferences—and to manage pending cases. The magistrate and the district judge found authority in Rule 16 to order Oat to send someone other than its counsel to the conference. However, nothing in Rule 16 indicates that it authorizes district courts to order parties represented by counsel, such as Oat, to attend or send a representative other than counsel to settlement conferences. In fact, Rule 16's plain language leads us to the opposite conclusion.

As originally enacted, Rule 16 allowed district courts to "direct the attorneys for the parties" to appear for pretrial conferences. In 1983, Rule 16 was extensively amended. In those amendments, the drafters expressly provided that the possibility of settlement is an appropriate subject to consider at pretrial conferences. Fed.R. Civ.P. 16(c)(7). But Rule 16(c) states only that "the *participants* at any conference under this rule" may consider settlement (among numerous other things) (emphasis added); it does not say who those "participants" may be.

Rule 16(a) delineates a district court's discretion in determining who to order to appear at a pretrial conference. As amended, Rule 16(a) provides that a district court may "direct the *attorneys for the parties* and any *unrepresented parties*" to appear for a pretrial conference. (Emphasis added.) Other parts of Rule 16 echo Rule 16(a)'s language. Rule 16(b) requires district courts to enter scheduling orders after consulting "the attorneys for the parties and any unrepresented parties...." Rule 16(d) requires that "one of the attorneys who will conduct the trial for each of the parties and ... any unrepresented parties" must attend the final pretrial conference. Rule 16 repeatedly distinguishes between represented and unrepresented parties, and nothing in the rule expressly authorizes a district court to order a represented party to appear for a pretrial conference.

■ One district court has read Rule 16(f) as authorizing district courts to order represented parties to appear for settlement conferences. *Lockhart v. Patel*, 115 F.R.D. 44, 46 (E.D.Ky.1987). Rule 16(f) provides that a district court may sanction a party or its attorney

[i]f [the] party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of [the] party at a scheduling or pretrial conference, or if [the] party or party's attorney is substantially unprepared to participate in the conference or ... fails to participate in good faith....

We disagree with *Lockhart*. When placed in context with Rule 16(a), Rule 16(f) does not provide the authority to order represented parties to appear at settlement conferences. Rule 16(f) states that a district court may sanction a party for failing to obey a pretrial order, or sanction a party who does show up at a conference if the party cannot or does not participate in good faith (we assume here that "party" refers to represented and unrepresented parties). But Rule 16(f) does not state that the court may actually order a represented party to appear. Rule 16(a), however, specifically addresses who the district court may order to appear. Rule 16(a) states that those people are attorneys and unrepresented parties. The only language in Rule 16(f) addressing appearance does not authorize sanctions if "a party fails to appear;" instead, sanctions are appropriate if "no appearance is made *on behalf of a party....*" (Emphasis added.) This language is consistent with Rule 16(a)'s distinction between represented and unrepresented parties. In the normal course, an attorney appears "on behalf of" his client at a pretrial conference. An unrepresented party has nobody to appear on his behalf except himself.

■ Rule 16(f)'s reference to "parties" means two things concerning appearance. First, a district court may sanction an attorney or unrepresented party who fails to appear. Second, in an appropriate situation, the district court may sanction a represented party whose attorney fails to appear; thus, Rule 16(f) reiterates the principle that an attorney's acts normally bind

the client and may subject the client to sanctions. See, e.g., *Link*, 370 U.S. at 633–34, 82 S.Ct. at 1390–91, which rejected an argument that a district court erred by dismissing a plaintiff's case—the ultimate sanction—because of the plaintiff's attorney's conduct. If a represented party does choose to appear and participate at a pretrial conference, Rule 16(f) demands that the party be a help and not a hindrance; he must be prepared to participate and participate in good faith. But nothing in Rule 16(f) specifically authorizes a district court to order a represented party to appear at a settlement conference.

Heileman argues that district courts can order represented parties to appear at settlement conferences because Rule 16 does not explicitly state that district courts *cannot* order represented parties to appear. But Heileman's argument ignores the drafters' decision in 1983 to specifically add "unrepresented parties" to the people a district court can order to appear at a pretrial conference under Rule 16. Had the drafters intended to authorize district courts to order *represented* parties to appear, the drafters could have easily said so. Heileman offers no reason for this omission, and we find none on either Rule 16's face or in the advisory committee's notes. We are unwilling to ascribe the omission of represented parties to sloppy draftsmanship. Instead, we read Rule 16(a) to mean what it says: district courts have the discretion to order attorneys and unrepresented parties to appear. This result is consistent with other cases from this circuit indicating that Rule 16's specific language limits a court's authority over pretrial proceedings. *See Identiseal Corp. of Wisconsin v. Positive Identification Systems, Inc.*, 560 F.2d 298, 302 (7th Cir.1977); *J.F. Edwards Constr. Co. v. Anderson Safeway Guard Rail Corp.*, 542 F.2d 1318 (7th Cir.1976) (per curiam).

Moreover, although Rules 16(a)(5) and (c)(7) specifically mention settlement as a proper topic for pretrial conferences, Rule 16's drafters recognized that limits exist to what a district court may do to attempt to lead parties to settle. The advisory committee's notes to the 1983 amendment to

Rule 16 caution that Rule 16 was not meant to "impose settlement negotiations on unwilling litigants...." *See Strandell*, 838 F.2d at 887. Even though settlement is desirable, the district court is not to pursue it at all costs. In the settlement context, this generally limited approach is consistent with the view that Rule 16's drafters did not omit represented parties from Rule 16(a) inadvertently, but deliberately, as a limitation on the district courts' power.

Our holding that Rule 16 did not authorize the district court to order Oat to appear also dooms Heileman's alternative argument that Fed.R.Civ.P. 83 authorized the magistrate to order Oat to appear. Rule 83 states that "[i]n all cases not provided for by rule, the district judges and magistrates may regulate their practice in any manner *not inconsistent with* [the federal rules or any local rules]." (Emphasis added.) But since Rule 16 allows district courts to order only attorneys and unrepresented parties to appear, ordering a represented party to appear at a settlement conference *is* inconsistent with Rule 16. *Cf. J.F. Edwards*, 542 F.2d at 1322 (standing order that arguably mandated counsel to stipulate facts was inconsistent with federal rules because no federal rule authorized a district court to order counsel to stipulate facts).

The district court reasoned that it needed the ability to conduct productive settlement conferences to manage its case load effectively. The court further reasoned that settlement conferences without the parties present are not productive. We understand the district court's concern about its case load but we disagree with the court's reasoning. The inability to order represented parties to appear at settlement conferences does not leave district courts powerless to manage their caseloads. District courts may still urge parties to resolve their disputes outside the courtroom. *See Strandell*, 838 F.2d at 887. District courts may also conduct settlement conferences with the parties present and participating, if the parties desire. District courts may also sanction parties and attorneys who

litigate frivolously or vexatiously, *see e.g.,* Fed.R.Civ.P. 11; 28 U.S.C. § 1927; *Ordower,* 826 F.2d at 1573–74, and may dismiss cases for failure to prosecute, Fed.R.Civ.P. 41(b). And district courts may make schedules and set time limits, Fed.R.Civ.P. 16(b), and sanction attorneys and parties who disregard those limits, Fed.R.Civ.P. 16(f). Those sanctions run the gamut from assessing costs and attorney's fees, *id.,* to dismissing an action or entering a default judgment against a party, *see* Fed.R.Civ.P. 37(b)(2)(C) (expressly incorporated in Rule 16(f)). A district court need not tolerate undue delay; the court may push a case to an early trial date, which in itself could help lead parties to settle. 6 C. Wright and A. Miller, *supra* § 1522, at 572 (1971).

■ Moreover, although the district court may prefer to address the parties directly, the parties need not be present for a productive settlement conference to take place. A litigant hires an attorney to take advantage of the attorney's training and skill in conducting litigation. Part of that expertise includes evaluating the case and advising the litigant whether to settle or proceed to trial. The attorneys can relay to their clients any relevant information they glean from a settlement conference. Heileman protests that the attorney will "filter" information but part of an attorney's job is to separate wheat from chaff. And because no attorney wants to lose clients or be sued for malpractice, an attorney has a strong self-interest, as well as a duty, to realistically convey to the client a case's strengths and weaknesses and any other relevant information necessary for the client to make an informed settlement decision. The distinction Rule 16 makes between represented and unrepresented parties (who choose to act as their own attorneys and therefore handle those details an attorney would otherwise handle) recognizes the attorney's role in litigation.

We are aware that in *In re LaMarre,* 494 F.2d 753, 756 (6th Cir.1974), the Sixth Circuit upheld a district court's power to order an insurance company claims manager to appear before it to discuss a settlement.

In *LaMarre,* counsel for plaintiffs and defendants indicated to the district court on the morning of trial that they had agreed to a settlement. However, the claims manager for the defendant's insurer would not accept the settlement. Therefore, the trial judge ordered the claims manager to appear in court to discuss the matter. *Id.* at 755.

*LaMarre* is distinguishable. Unlike this case, *LaMarre* presented an extraordinary situation (a settlement apparently reached, and inexplicably rejected, on the morning of trial). Moreover, the court in *LaMarre* treated the insurance company as a party (and the claims manager as a party's representative). Arguably, because of the conflict between the defendant, who the attorney represented, and the insurance company, which hired the attorney, the insurance company could be considered an unrepresented party. Even treating the insurance company as a represented party, *LaMarre* does not control our case. We are construing Rule 16 as amended in 1983; the Sixth Circuit decided *LaMarre* before the 1983 amendments to Rule 16. Thus, the Sixth Circuit could not consider the drafters' decision to specifically add unrepresented parties, but not represented parties, to the people a district court may order to appear at a pretrial conference. To the extent that *LaMarre* may stand for the proposition that a district court has inherent power or power under Rule 16 to order a represented party to appear for a settlement conference under any circumstances, *Strandell* and Rule 16's language compel us to reject it.

Rule 16 provides that district courts may order attorneys and unrepresented parties, but not represented parties, to appear for settlement conferences. Our job is to interpret Rule 16 as written. Since Rule 16 did not authorize the magistrate to order Oat to send a representative other than its attorney to the December 19 settlement conference, the sanctions against Oat cannot stand.[3]

REVERSED.

---

3. The dissent argues that Oat's counsel had to

"participate in the settlement conference in

FLAUM, Circuit Judge, dissenting.

I disagree with the majority's conclusion that the Federal Rules of Civil Procedure do not authorize district courts in appropriate circumstances to require parties to send a representative, in addition to counsel, to attend pretrial settlement conferences.[1] "The authority to convene a settlement conference under Rule 16 is a hollow authority indeed if the power is lacking to require the presence at the conference of the parties themselves." *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 107 F.R.D. 275, 281 (W.D.Wis.1985). I therefore respectfully dissent.

### I.

When a party files a lawsuit in federal court he or she invokes the use of a public resource at great expense to the litigants and the public. A party who refuses to meet personally with the opposing side to discuss the possibility of settlement misuses this expensive resource. Once a lawsuit is filed "it is the public's business, and it is the duty of all to see to it that it is moved along to final disposition." Fox, *Settlement: Helping the Lawyers to Fulfill Their Responsibility*, 53 F.R.D. 129, 132 (1971) (*quoting* Kaufman, *Citation of Discovery Motions and Pretrial Conferences* (1962)). Federal Rule of Civil Procedure 1 specifically recognizes this fact and therefore provides that all of the Rules "shall be construed to secure the just, speedy, and inexpensive determination of every action."

One of the most effective means of ensuring the just and efficient resolution of disputes is by encouraging the settlement of cases prior to trial. Independent of what occurs in court, "we need careful study to make sure that every case which reaches the courtroom stage is there only after possibility of settlement has been exhausted." Fox, 53 F.R.D. at 130 (*quoting* Chief Justice Burger, Remarks Delivered at the National Judiciary Conference, March 11, 1971). Settlement conferences, however, are often unproductive unless all of the necessary parties are present and have full authority to settle the case. Thus, to allow district courts to effectively utilize one of the most valuable tools they possess to manage their dockets—the ability to conduct productive settlement conferences—they must have the authority to require the presence of all necessary parties at these conferences.

Oat argues that it would have been a waste of its resources to send a representative to the settlement conference because it had no intention of settling the case. However, as the district court aptly noted:

It is always possible that exposure of the decisionmakers to the realities of a case will bring about a re-evaluation of settlement posture on the part of those persons. Thus it is appropriate for a judicial

good faith," and that Oat's counsel's authority to settle only if Oat had to pay no money "suggests a unilateral refusal to elaborate upon its position," thus making sanctions appropriate. At oral argument, Oat's appellate attorney represented that at the December 14 conference the *magistrate* excluded Oat's counsel from any further discussions. The record is not clear but it appears that the same thing happened at the December 19 conference (the conference that ultimately led to the sanctions against Oat). The magistrate's findings of fact do not indicate otherwise. *See* 107 F.R.D. at 278–80. Counsel thus had no opportunity to "elaborate" on his no-payment position. Stating a position at the beginning of a settlement conference does not necessarily mean that a party's counsel is unwilling to elaborate or listen to others.

There is a more general problem with the dissent's argument. While Rule 16 was meant to facilitate settlement by providing a neutral forum for settlement discussions, "it is not the purpose of Rule 16(b)(7) to impose settlement negotiations on unwilling litigants...." Fed.R. Civ.P. 16 advisory committee's note to 1983 amendments; *see also Strandell*, 838 F.2d at 884. It is thus inconsistent with Rule 16 to sanction a party for "bad faith" simply because the party's attorney announces at the beginning of a settlement conference that his client will not pay any money to settle, and that it wants its day in court.

1. I agree with the majority that National Union is not a party to this appeal because the notice of appeal named only Oat as the appealing party. *See supra* note 1. I therefore do not address the district court's authority to sanction National Union for failing to comply with the magistrate's order. For a discussion of the authority of a court to require the attendance of a representative of a party's insurance carrier at settlement conferences, *see Lockhart v. Patel*, 115 F.R.D. 44 (E.D.Ky.1987).

officer to require that, particularly in complex and protracted litigation, the decisionmakers be made aware of all aspects of the case and the anticipated costs of its prosecution and defense by being personally present before the court.

*Heileman*, 107 F.R.D. at 277. It is for this very reason that district courts must be able to order the parties themselves to attend settlement conferences.

### A.

In 1983, the Federal Rules of Civil Procedure were substantially amended. The clear import of the amendments to Rule 16 was to provide federal courts with the means to effectively manage their ever burgeoning caseloads. *See* Fed.R.Civ.P. 16 (advisory committee notes to the 1983 amendments). One of the most effective tools a district court has to control its docket is the ability to conduct productive settlement conferences. To this end, the pretrial procedures of Rule 16 were amended to further the goal of effective scheduling and case management. *See id.* The rule explicitly provides that district courts can schedule conferences to facilitate settlement, Fed.R.Civ.P. 16(a)(5), and that "the possibility of settlement or the use of extrajudicial procedures to resolve the dispute" is one of the subjects to be addressed at the pretrial conference. Fed.R.Civ.P. 16(c)(7).

The drafters of the 1983 amendments to Rule 16 recognized that for settlement to be an effective means of resolving disputes in an efficient manner, forceful judicial management and open-minded participation by the litigants is required. Fed.R.Civ.P. 16 (advisory committee notes to the 1983 amendments). Thus, Rule 16 provides for sanctions if a party is unprepared to participate in a conference or fails to participate in good faith. Fed.R.Civ.P. 16(f). Of course, district courts may not coerce parties into settling a case against their will. *See, e.g., Kothe v. Smith*, 771 F.2d 667, 669 (2d Cir.1985) (Rule 16 "was not designed as a means for clubbing the parties—or one of them—into an involuntary compromise."). There is, however, "a significant distinction

between being required to agree to a settlement or stipulation and merely being required to attend and confer." *Heileman*, 107 F.R.D. at 276. Courts have the authority to require parties to attend a settlement conference and participate in good faith; they do not have the power to force the parties to settle their dispute.

In the present case, the magistrate merely ordered the parties to be present at the settlement conference, he did not try to force the parties to settle their dispute. The magistrate's actions were substantially different from the actions of the courts in the cases on which the majority relies. In each of those cases the court improperly tried to force a party to do much more than simply appear and confer; the court actually tried to compel a party to take a specific action with which the party disagreed. These cases are therefore inapposite. *See Strandell v. Jackson County*, 838 F.2d 884 (7th Cir.1988) (addressing the narrow question of "the legality of *compelled* participation in a summary jury trial" and concluding that a court can require litigants to consider the possibility of using a summary jury trial, but cannot *force* them to do so); *Identiseal Corp. of Wisconsin v. Positive Identification Sys., Inc.*, 560 F.2d 298 (7th Cir.1977) (courts can order litigants to appear and consider the possibility of admissions, but cannot *coerce* a litigant to engage in discovery to facilitate acceptable admissions); and *J.F. Edward Constr. Co. v. Anderson Safeway*, 542 F.2d 1318 (7th Cir.1976) (courts can order litigants to try to stipulate all possible facts, but Rule 16 does not authorize courts to *force* litigants to stipulate to any specific fact). None of these cases supports the position that a court does not have the authority to require mere attendance at a settlement conference.

### B.

The majority argues that the language of Rule 16 deprived the magistrate of the power to require Oat to send a representative other than counsel to the settlement conferences. Rule 16 provides:

(a) Pretrial Conferences; Objectives. In any action, the court may in its discretion direct the attorneys for the parties and any unrepresented parties to appear before it for a conference or conferences before trial for such purposes as

. . . .

(5) facilitating the settlement of the case.

Although this rule does not specifically provide for the presence of represented parties themselves, neither does it prohibit the district court from requiring their presence. Federal Rule of Civil Procedure 83 provides in relevant part that:

In all cases not provided for by rule, the district judges and magistrates may regulate their practice in any manner not inconsistent with these rules or those of the district in which they act.

Finally, as noted above, Federal Rule of Civil Procedure 1 provides that all of the Rules of Civil Procedure "shall be construed to secure the just, speedy, and inexpensive determination of every action."

Requiring a party to send a representative other than counsel is not inconsistent with the language of Rule 16 which is specifically designed to provide district courts with the necessary tools to manage their dockets. It cannot be inconsistent with Rule 16 to allow district courts, pursuant to Rules 1 and 83, to require the very parties who invoke the court's jurisdiction to simply attend settlement conferences. When Rules 1, 16, and 83 are considered in conjunction with the express purpose of Rule 16, they provide courts with the authority in appropriate cases to order parties to simply send a representative, in addition to counsel, to attend a settlement conference.[2]

The majority asserts that "where the federal rules specifically address an area, it is inappropriate to rely on inherent power to go beyond the bounds the rules set." *Supra* at 1419. The cases on which the majority relies in support of this proposition, however, do not stand for such an expansive prohibition on a court's authority. In *Strandell,* we noted that "a district court no doubt has substantial inherent power to control and manage its docket." 838 F.2d at 886 (citations omitted). We also recognized that this power "must, of course, be exercised in a manner that is in harmony with the Federal Rules of Civil Procedure." *Id.* We did not conclude in *Strandell* that whenever a rule specifically addresses an area, courts can never rely on their inherent powers to effectuate the purpose of the rule. Our holding was limited to the conclusion that courts simply cannot exercise this authority in a manner that would upset the balance between the litigants' rights and the need for judicial efficiency. *Id.* at 886–87. Similarly, the Supreme Court's holding in *Societe Internationale v. Rogers,* 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958) does not support the majority's proposition. The *Societe* Court simply held that where a more specific rule "allows a court all the flexibility in framing an order appropriate to a particular situation," 357 U.S. at 208, 78 S.Ct. at 1094, reliance on a more general rule is unnecessary.

In the present case, the more specific Rule 16 does not provide the district courts with the flexibility they need to further the purposes of that rule. The reliance on Rules 1 and 83 in addition to Rule 16 neither causes a conflict between the rules nor upsets the balance between the litigants' rights and the needs of judicial efficiency. In fact, allowing district courts to require parties to attend settlement discussions furthers the goals of Rule 16 and expressly fulfills the purpose of Rules 1 and 83 by helping to ensure that all litigants will re-

**2.** In some situations a court's order requiring the attendance of the parties might be "so onerous, so clearly unproductive, or so expensive in relation to the size, value, and complexity of the case" that it would be an abuse of discretion to order the parties themselves to attend a settlement conference. *Heileman,* 107 F.R.D. at 277. The magistrate recognized these necessary limitations and therefore did not require the presence of a representative of Centrale, a Netherlands corporation. Rather, the magistrate ordered Centrale to ensure that an authorized representative in the Netherlands would be available by telephone. The burden on Oat in relation to the complexity of this case, however, was not nearly sufficient to justify its refusal to send a representative to the conference.

ceive a fair and efficient resolution of their disputes. Thus, neither *Strandell* nor *Societe* prohibits a court from ordering the parties themselves to simply attend a pretrial conference.

### C.

Two other courts have recognized that courts can require parties to attend settlement conferences. The Sixth Circuit in *In re LaMarre*, 494 F.2d 753, 756 (6th Cir. 1974), stated that "[w]e perceive no grounds for denying the trial judge the power to require attendance of any party to the case at any session of the court where the judge deems his [or her] presence to be necessary." The *LaMarre* court acknowledged that a district court cannot compel settlement, but neither can a party "refuse a lawful order to attend such a conference to discuss the matter." *Id.* The majority attempts to distinguish this case by arguing that it involved "an extraordinary situation." *See supra* at 1422. The situation in *LaMarre*—a settlement was reached by counsel but rejected by the party on the morning of trial—is no more extraordinary than the present case. Here all of the parties in a complex action were on the verge of settlement, with the exception of one party who refused to participate in any manner in any settlement effort. In any event, the court in *LaMarre* did not justify the district court's order on the basis of the supposed extraordinary nature of the case. Rather, the court concluded that the district court's order—which required the presence of a representative of a party's insurance carrier at a settlement conference—was expressly authorized by the Federal Rules of Civil Procedure.

The majority also argues that *LaMarre* is unpersuasive because it was decided before the 1983 amendments to the Federal Rules of Civil Procedure.[3] If anything, the 1983 amendments support the position taken by the Sixth Circuit in *LaMarre*. The obvious goal of the amendments is the promotion of caseload management, of which settlement is one valuable tool. It is difficult to reconcile the argument that Rule 16 does not permit courts to order the parties

themselves to attend settlement conferences with the goals of that rule. It is the parties who invoke the use of this expensive public resource; and it is recognized that settlement negotiations are often futile unless the parties themselves are present. It is hard to imagine that the drafters of the 1983 amendments actually intended to strengthen courts' ability to manage their caseloads but at the same time intentionally rendered ineffective one of the most valuable tools the amendments provide to accomplish that goal.

Similarly, in *Lockhart v. Patel*, 115 F.R. D. 44, 46 (E.D.Ky.1987), the court noted that a federal court's authority to require parties, attorneys, and insurers to attend settlement conferences and to impose sanctions if they violate such an order is "so well established as to be beyond doubt." The *Lockhart* court therefore recognized that a "court cannot require any party to settle a case, whether the court thinks that party's position is reasonable or not, but it can require it to make reasonable efforts, including attending a settlement conference with an open mind." *Id.* at 47. *See also Manual for Complex Litigation* 2d, § 21.23 ("Conferences with the judge are customarily attended by at least one attorney for each party. In some complex litigation, however, the court may decide to depart from this model and ... call for attendance of the parties themselves.") (footnote omitted). District courts will be surprised indeed to discover that they do not have the authority to require the very parties who invoke the courts' jurisdiction to merely attend the pretrial conferences.

### II.

Even accepting arguendo the majority's position that the magistrate could not have ordered Oat to send a representative in addition to counsel, the magistrate clearly had the judicial mandate to require Oat's counsel to participate in the settlement conference in good faith. At the conference Oat's counsel indicated that his "authority" was limited to the power to accept a settlement if, but only if, the terms of the settlement provided that all of the other parties'

3. The majority fails to acknowledge, however, that *Identiseal* and *J.F. Edwards*, both of which

the majority relies on, were also decided prior to the passage of the 1983 amendments.

claims were dismissed with prejudice and the settlement did not require anything of Oat; in effect a demand that the other parties drop all of their claims against Oat. Such a representation suggests a summary and unilateral refusal to elaborate on its position. Although it certainly would be appropriate for Oat to take the posture that it has no liability, it must do so in a fashion that complies with the good faith participation requirement of Rule 16(f). Fed.R.Civ.P. 16 (advisory committee notes to the 1983 amendments).

A magistrate cannot force litigants to settle their dispute, but he or she can require the parties to participate in a settlement conference in good faith. Thus, Oat cannot be sanctioned for refusing to pay money damages to settle this lawsuit; its conduct is sanctionable, however, because its attorney took a stance at the settlement conference that was in derogation of the good faith participation requirement of Federal Rule of Civil Procedure 16(f).

### III.

The district courts are overwhelmed by ever growing caseloads. Docket management, today more than ever, requires new and innovative approaches. Simply requiring parties, as well as attorneys, to attend settlement conferences is an easy and effective means of assisting district courts in their efforts to ensure that efficient justice is available to all litigants.

I would affirm the sanctions against Oat both for its failure to send a representative to the settlement conference in violation of the magistrate's order and its counsel's refusal to participate in the conference in good faith.

### ORDER

A majority of judges in active service have voted to rehear this case *en banc.* Accordingly,

IT IS ORDERED that rehearing *en banc* be, and the same is hereby, GRANTED.

IT IS FURTHER ORDERED that the judgment and opinion entered in this case on June 13, 1988 be, and are hereby, VACATED. This case will be reheard *en banc* at the convenience of the court.