**Andrew DVORAK, Plaintiff,**

v.

**Ken SHIBATA, et al., Defendants.**

**No. CV87–L–570.**

United States District Court,
D. Nebraska.

Dec. 1, 1988.

Mark McGuire, Thom Cope, Lincoln, Neb., for plaintiff.

William Selde, Omaha, Neb., Douglas Curry, Lincoln, Neb., for defendants.

## MEMORANDUM AND ORDER

DAVID L. PIESTER, United States Magistrate.

A settlement conference was scheduled in this matter for November 30, 1988, by the terms of the order entered October 25, 1988, filing 27. Appearing for the parties were: the plaintiff Andrew Dvorak, plaintiff's counsel Mr. Mark McGuire and Mr. Thom Cope; defense counsel, Mr. William Selde and Mr. Douglas Curry. At the commencement of the conference, in light of the fact that no representative of the defendants other than counsel was present, I conferred separately with counsel for the defendants and learned that the defendants' insurance carrier had authorized defense counsel to offer no more than

$2,500.00 as a proposed settlement of this case, and that offer had been conveyed to plaintiff's counsel on Monday, November 28 and had not been accepted. Defense counsel had no further authority. The insurance carrier's claim representative handling this matter is in New York and had decided not to attend the settlement conference, leaving defense counsel with no authority to negotiate. Prior to the conference, plaintiff had conveyed a settlement demand of $100,000.00, but had indicated, through counsel, that a proposal "in the neighborhood of" $50,000.00 may settle the case under certain circumstances.

At the conference with counsel on October 18, 1988, in discussing the prospects of a settlement conference, I informed counsel that in order for a settlement conference to be successful, both parties must have representatives in attendance who are authorized to negotiate and reach a settlement of the case without making any telephone calls to others not in attendance. I described the procedures utilized for a settlement conference, and also informed counsel that if, prior to the scheduled settlement conference, it was established that the parties' positions were so far apart that settlement was not likely, the settlement conference could be cancelled so as to avoid needless expense and time being invested in a futile effort.

The defendants' offer of $2,500.00 had not been formally rejected as of the commencement of the conference. It was, however, formally rejected soon after the commencement of the conference. Defense counsel acknowledged that they had no reasonable expectation that the $2,500.00 offer would be accepted.

The order scheduling the conference included the following:

> The conference shall be attended by the parties, or, in the case of corporate or organizational parties, those persons who have the authority to negotiate and consummate a negotiated settlement in this action.

In fairness to defense counsel, it must be observed that that sentence is not as clear as it might be, and for that reason I have decided not to order the defendants to show cause before the district judge to whom this case is assigned, why they should not be held in contempt for failure to have an authorized representative present at the settlement conference. Also, it must be noted that defense counsel, after conveying the $2,500.00 offer to plaintiff's counsel, sought an agreement from plaintiff's counsel to delay the settlement conference, which was refused by plaintiff's counsel. Nevertheless, in view of the advisement made at the October 18 conference to the effect that the court did not wish to waste the parties' time and money in a futile exercise, I cannot ignore the defendants' failure to bring an authorized representative to the settlement conference. Defense counsel should have sought a conference with the court and opposing counsel, by telephone, to determine whether it was necessary or appropriate to proceed with the settlement conference, in light of his insurer's position.

■ There are several reasons for requiring the presence of authorized representatives as a settlement conference. During the conference, counsel for both sides are given an opportunity to argue their clients' respective positions to the court, including pointing out strengths and weaknesses of each party's case. In this discussion, it is often true that client representatives and insurers learn, for the first time, the difficulties they may have in prevailing at a trial. They must, during the conference, weigh their own positions in light of the statements and arguments made by counsel for the opposing parties. It is often true that as a result of such presentations, the clients' positions soften to the extent that meaningful negotiation, previously not seriously entertained, becomes possible. This dynamic is not possible if the only person with authority to negotiate is located away from the courthouse and can be reached only by telephone, if at all. The absent decision-maker learns only what his or her attorney conveys by phone, which can be expected to be largely a recitation of what has been conveyed in previous discussions. At best, even if the attorney attempts to convey the

weaknesses of that client's position as they have been presented by opposing counsel at the settlement conference, the message, not unlike those in the children's game of "telephone," loses its impact through repetition, and it is simply too easy for that person to reject, out of hand, even a sincere desire on the part of counsel to negotiate further. At worst, a refusal to have an authorized representative in attendance may become a weapon by which parties with comparatively greater financial flexibility may feign a good faith settlement posture by those in attendance at the conference, relying on the absent decision-maker to refuse to agree, thereby unfairly raising the stakes in the case, to the unfair disadvantage of a less wealthy opponent. In either case, the whole purpose of the settlement conference is lost, and the result is an even greater expenditure of the parties' resources, both time and money, for naught.

I take seriously the admonition of Rule 1, *Fed.R.Civ.P.*, that the federal rules are to be construed "to secure the just, speedy, and inexpensive determination of every action." Rule 16 provides for the federal district courts to actively manage their caseloads, including the calling of settlement conferences. Rule 16(a)(5); 16(c)(7). It also provides for the imposition of sanctions "if a party or party's attorney is substantially unprepared to participate in the conference...." Rule 16(f). A panel of the Seventh Circuit Court of Appeals has held that Rule 16 does not include the authority to require a represented party's attendance at a settlement conference, but that opinion has been vacated. *G. Heileman Brewing Co., Inc., v. Joseph Oat Corp.*, 848 F.2d 1415 (7th Cir.1988), *vacated and rehearing granted*, at 1427 (July 22, 1988). But *cf., Strandell v. Jackson County, Ill.*, 838 F.2d 884 (7th Cir.1987) (District court may not require litigants to participate in non-binding summary jury trial). The Sixth Circuit, in a case decided before the 1983 amendments to Rule 16, held that district courts have the inherent authority to compel an insurer's authorized representative to attend a settlement conference with the court. *In re LaMarre,* 494 F.2d 753 (6th Cir.1974). In *Lockhart v. Patel,* 115 F.R.D. 44 (E.D.Ky.1987), the district judge relied extensively upon the district court opinion reversed by the panel decision in *Heileman, supra,* and concluded that the federal courts have inherent authority under Rule 16 to sanction an insurer who refuses to attend a settlement conference. Without belaboring the issue by repeating the reasoning of these opinions, I simply state that I respectfully disagree with the majority opinion in the vacated *Heileman* decision, and I agree with the reasoning of the dissent in that case, as well as with the district judge's reasoning in *Lockhart, supra.*

■ It must be noted in this instance that the defense attorneys appeared, as they were ordered to do, but were not prepared to participate in the settlement conference by virtue of their lack of any authority to negotiate. Had they been armed with such authority permitting them to negotiate a settlement in their independent discretion as delegated from the defendants or their insurer, the conference might yet have been productive. As it happened, however, the conference was doomed before it began.

At the time of the pretrial conference with counsel on October 18, I advised them that persons with settlement authority must be present at the settlement conference; and that if one or the other of the parties was firmly against altering its position in order to achieve settlement, the settlement conference need not be held. At the settlement conference, counsel acknowledged that they understood these directives. Yet no appeal was taken from the order of October 25, 1988 which set the settlement conference, and no request was made for reconsideration of its provisions. Moreover, when it became clear that the conference could not succeed, defense counsel did not take action to cancel it, although an effort was apparently made to postpone it by requesting of plaintiff's counsel a joint motion for continuance.

Meanwhile, the plaintiff drove from his residence in Bloomington, Illinois to Lincoln, Nebraska, at some expense, anticipat-

ing a settlement conference. Plaintiff's counsel also prepared for negotiations at a settlement conference. These expenses could have been avoided, had the information about the defendants' and their insurer's settlement posture been disclosed in a timely fashion.

I do not find the actions of defense counsel in these respects to be contumacious, nor do I find them to have been taken in bad faith, nor vexatiously as that term is used in 28 U.S.C. § 1927. I do find, however, that counsel were "substantially unprepared to participate in the conference," as that term is used in Rule 16(f), and for that reason I impose the sanction of the expenses incurred by the plaintiff for his, and his attorneys' attendance at the conference.

IT THEREFORE HEREBY IS ORDERED, the plaintiff is hereby awarded the expenses he incurred in travelling to Lincoln, Nebraska for his attendance at the settlement conference scheduled November 30, 1988, including mileage, lodging, lost wages, if applicable, and other out-of-pocket expenses, and further, his attorneys' fees incurred for the portion of the conference, two-thirds hour, devoted to the discussion of settlement. In the event counsel are unable to agree on the amount to be awarded or upon who should bear that expense as between defendants and their counsel, plaintiff's application for fees and expenses shall be filed, supported by appropriate affidavits on those questions, and further supported by brief submitted to the undersigned, within fourteen days of this order. Defendants shall have ten days thereafter to submit their response and file appropriate affidavits in opposition. In the event either side desires a hearing on this question, request shall be made in the application or response as applicable.