Betty FRANCIS, et ux., Plaintiffs,

v.

The WOMEN'S OBSTETRICS AND GYNECOLOGY GROUP, P.C., Defendant.

No. 90–CV–552L.

United States District Court, W.D. New York.

Nov. 20, 1992.

Joseph J. Bernard, Washington, D.C., Steven A. Maas, Kaman, Berlove, Marafioti, Jacobstein & Goldman, Rochester, N.Y., for plaintiffs.

David E. Brown, Martin, Ganotis, Brown, Mould & Currie, Rochester, N.Y., for Ruth Schwartz, M.D. and Richard Tobin, M.D.

Dennis Gruttadaro and David E. Brown, Martin, Ganotis, Brown, Mould & Currie, Rochester, N.Y., for Women's Obstetrics and Gynecology Group, P.C.

## DECISION AND ORDER

LARIMER, District Judge.

This medical malpractice action is currently before the Court on plaintiffs' motion for sanctions under Rule 16(f), Fed. R.Civ.P. Plaintiffs seek to recover travel costs and legal fees for their two attorneys, which were incurred in connection

with a court-ordered settlement conference held on May 4, 1992. This Court ordered the parties to attend the conference as part of Settlement Week, a program orchestrated by the Monroe County Bar Association to facilitate settlement negotiations in both State and Federal Courts.

Plaintiffs contend that defendant's attorneys should be sanctioned because they acted in bad faith and were substantially unprepared to participate in settlement negotiations at the conference. Specifically, they contend that defendant's attorneys waited until the settlement conference to notify them that defendant's insurance carrier had not yet authorized coverage, and also that they did not submit to the mediator, as the Court had ordered, a brief statement of the facts and legal issues relevant to the action.

For the reasons discussed below, plaintiffs' motion is granted, and costs and attorney's fees are awarded in the sum of $1140 against defendant's attorneys.

## DISCUSSION

■ The central issue raised by this motion is not whether defendant was required to settle the case—no court order could impose such a requirement on either party—but whether its attorneys came to the conference prepared to negotiate and whether they acted in good faith. It is, of course, well-established that a district court cannot coerce parties to settle. *Kothe v. Smith*, 771 F.2d 667, 669 (2d Cir.1985). However, a court may direct a party or a party's attorney to attend a settlement conference. *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir.1989) (in banc). That authority is specifically provided for in Rule 16(a), Fed. R.Civ.P., which provides in relevant part:

> In any action, the court may in its discretion direct the attorneys for the parties and any unrepresented parties to appear before it for a conference or conferences before trial for such purposes as ...
> (5) facilitating the settlement of the case.

To ensure compliance, the court may also sanction a party or a party's attorney for not complying with the pretrial order. This authority is specifically provided for in Rule 16(f), Fed.R.Civ.P., which provides:

> If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is *substantially unprepared to participate* in the conference, or if a party or party's attorney *fails to participate in good faith*, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B, (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances made an award of expenses unjust. (emphasis added).

But the authority to direct parties to attend a settlement conference would be meaningless if parties were under no obligation to be prepared to participate in the conference, for "[t]he success of pretrial settlement conferences depends primarily upon the preparedness of the participants. If the participants are unprepared, these conferences, rather than assisting in the resolution and management of the case, are simply cathartic exercises ..." *In re Novak*, 932 F.2d 1397, 1404 (11th Cir.1991). Rule 16(f) specifically authorizes the court to sanction a party or its attorney if they attend a pretrial conference substantially unprepared. "Thus, parties or their attorneys must evaluate discovered facts and intelligently analyze legal issues before the start of pretrial conferences." *Id.* at 1405.

■ Parties and their counsel are also under an obligation to participate in good faith at pretrial conferences. Absent the requirement of good-faith participation, recalcitrant litigants and attorneys could frustrate the purpose of the conference. Consequently, Rule 16(f) expressly pro-

vides the court with the authority to sanction a party or a party's attorney who does not participate in good faith at the conference.

Turning to the present case, I find that defendant's attorneys were substantially unprepared to participate in the court-ordered settlement conference on May 4, 1992, and that they acted in bad faith by not informing plaintiffs before the conference that defendant's insurance carrier had not yet authorized coverage. Furthermore, I do not find that counsel's noncompliance with the pretrial order was substantially justified or that other circumstances make an award of sanctions unjust.

The order to attend the settlement conference, styled an Order to Mediation, filed April 10, 1992, directed the parties to appear on May 4, 1992, before a single mediator. The order contained three pages of directives. The order specifically provided that lack of discovery or incomplete discovery would not excuse a party from failing to negotiate.

Seven days prior to the conference, the parties were required to submit a statement concerning the factual and legal issues involved in the case. Documents and reports supporting the parties' position were to be attached to that statement. The parties were directed to be prepared to describe to the mediator their settlement position. Defense counsel were directed to see that "representatives of insurance carriers with authority to settle are present or at a minimum available by telephone, if not present."

In addition to that order, the Court wrote directly to the attorneys by letter dated April 10, 1992 requesting that the parties participate and attempt to settle the case. The Court specifically encouraged counsel to make a commitment to the process and be prepared for the mediation conference.

By letter dated April 27, 1992, the defendant's counsel wrote to the Court and requested that the case "not be submitted to mediation during Settlement Week." The only reason given for this request was that defendant did not know "the scope of plaintiffs' claims" allegedly because the Court had recently granted plaintiffs leave to file an amended complaint against the defendant corporation. On the same day that the Court received the letter, April 29, 1992, I wrote to all counsel indicating that they should attend the conference as ordered. In that letter, I stated my opinion that the case had been pending for two years and that the issues, claims and damages were well known to the parties. The only change effected by the amendment was to substitute for a named physician, a professional corporation, The Women's Obstetrics And Gynecology Group, P.C., under which name the doctor practiced.

There was never any representation to me or to anyone else prior to the date of the conference on May 4th that insurance coverage was an issue. In fact, counsel for defendant concedes in his papers in opposition to this motion, that he did "convey to plaintiffs' counsel on prior occasions that the carrier would in all likelihood cover The Group with the same coverage limits." There had been no prior suggestion that coverage was at issue.

Although the amended complaint was not filed until the day of the mediation conference, it appears that a copy of it was transmitted to defendant's counsel on or about April 30, 1992, five days before the mediation conference, and the proposed amended complaint was part of the moving papers on the original motion to amend, which was made in October 1991. The claims never changed, just the technical description of the defendant.

Sanctions are proper for several reasons. First of all, defendant's counsel failed to comply with the requirements of the mediation order. He failed to provide the mediator with his statement of facts and legal issues, seven days prior to the conference. In fact, the statement was not given to the mediator until the conference itself, when it had virtually no utility.

Furthermore, at the conference itself, defense counsel raised the issue of coverage for the first time and used that as a basis for not being in a position to make an offer. The settlement order required that representatives of insurance carriers either be

present or be available by telephone. There is no reason, on the facts of this case, why this coverage issue should have been raised at that late date and why the carrier could not have been in a position to negotiate the case. If coverage was truly an issue, plaintiffs' counsel, one of whom had to travel from Washington, D.C. to attend the conference, the mediator, and the Court should have been notified before the day of the conference so that the matter could have been rescheduled without inconveniencing and causing expense to both the mediator and plaintiffs.

Such a cavalier attitude about the settlement conference and its requirements cannot be countenanced. The facts demonstrate to me that defendant's counsel was not prepared to participate in the conference and that his actions indicated a failure to participate in good faith. These actions caused the mediator and the plaintiffs' counsel to waste time and effort and caused plaintiffs to incur needless expense.

Mere physical presence at the conference by defendant's attorney is not sufficient compliance with the order to attend the settlement conference. Such an interpretation of the order would easily defeat its purpose. *See Novak*, 932 F.2d at 1404–05. It was for that reason that the Order to Mediation contained specific requirements of the parties. In my view, counsel's failure to prepare for the conference, his failure to confirm coverage and obtain authority from the carrier, and his failure to advise his opponent until the conference of coverage problems demonstrate counsel's lack of preparation and his lack of good faith in the process. Sanctions therefore are appropriate. *See Dvorak v. Shibata*, 123 F.R.D. 608 (D.Neb. 1988).

Plaintiffs seek costs involved in their counsel's travel to Rochester and attorneys' fees for both Washington counsel and local counsel. Under the circumstances, I believe that sanctions are appropriate in the sum of $1,140. This includes $750 in attorneys' fees, to be divided between plaintiffs' attorneys, and $390 in costs and expenses and plaintiffs shall have

judgment against the law firm of Martin, Ganotis, Brown, Mould & Currie unless this sum is paid within thirty (30) days of entry of this decision.

IT IS SO ORDERED.