**Patrick ARONS, et al., Plaintiffs,**

v.

**James L. LALIME, et al., Defendants.**

**No. 94–CV–618A(H).**

United States District Court,
W.D. New York.

June 4, 1996.

Laurence B. Goldberg & Mark J. Schlant, Buffalo, NY, for Plaintiffs.

David A. Bentivogli, Williamsville, NY, Alan J. Bozer, Buffalo, NY, Denise Y. Lunsford, Charlottesville, VA, Danny M. Howell, Washington, DC, Natalie A. Napierala, New York City, for Defendants.

## DECISION & ORDER

HECKMAN, United States Magistrate Judge.

This case has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for all pretrial matters and to hear and report on dispositive motions. Counsel for defendant James L. Lalime, defendant Harold Wilner Dingman (as to Count 3 of the complaint), and former defendant NationsBank of Virginia, N.A. ("NationsBank"), have submitted applications for the costs and expenses associated with their respective oppositions to the "omnibus" pretrial motions filed on behalf of plaintiffs by Lawrence B. Goldberg, Esq. What follows is the court's rulings on these applications.

### BACKGROUND

Plaintiffs filed this action on August 26, 1994. They allege that between April and October, 1993, defendants induced plaintiffs to invest their money in a fraudulent "scheme" involving the purchase and sale of bank notes and securities, in violation of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968, and various common law theories. More specifically, plaintiffs allege that they transferred a total of $775,317.00 to Centerpointe Capital Corp. ("Centerpointe"), the alleged RICO "enterprise," between April and June of 1993. These funds were deposited into an escrow account maintained at NationsBank in the name of defendant Dingman, Centerpointe's attorney. Plaintiffs allege that instead of using the solicited funds to buy and sell discounted bank notes and securities as promised, defendants used the funds for their own personal gain. Plaintiffs claim that NationsBank, through its officer Colin H. Gillespie, participated in the scheme by allowing Dingman full access to the escrow funds, thereby enabling him to transfer the funds to other banks and credit institutions without plaintiffs' knowledge or consent "and for purposes inconsistent with Dingman's fiduciary responsibilities" (Item 1, ¶ 31(CC)).

On November 8, 1994, NationsBank moved pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss

the RICO and common law claims against it (Item 12). Subsequently, the plaintiffs and NationsBank stipulated to discontinue the action against NationsBank without prejudice in exchange for an agreement to produce certain documents and certain employees for deposition. This stipulation was signed by Hon. Richard J. Arcara and entered as an order on March 28, 1995 (Item 32). On May 3, 1995, Judge Arcara entered an additional stipulated order, which was signed by the attorneys for NationsBank, Lalime, Dingman, and defendant James F. McKernan, discontinuing without prejudice all crossclaims against NationsBank (Item 35).

Mr. Gillespie's deposition took place on May 23, 1995, upon notice to all parties. During a telephone conference on September 18, 1995, plaintiffs' counsel advised the court and the other parties that the deposition of an additional NationsBank employee would be necessary. Thereafter, on October 19, 1995, plaintiffs' counsel took the deposition of NationsBank employee Edward Malloy without providing written notice of the deposition to any of the defendants, as required by Rule 30(b) of the Federal Rules of Civil Procedure.

On November 21, 1995, plaintiffs filed an "Omnibus" motion seeking the following relief: (1) to amend the complaint to reallege NationsBank's participation in the RICO enterprise and scheme, and to assert a common law negligence claim against NationsBank; (2) to add additional defendants Richard Kaufhold (an employee or agent of Dingman), and Joan Lalime, Leon Hurst and Bonnie Sluce (as officers or employees of Centerpointe); (3) to compel Lalime to produce additional documents; (4) to compel Dingman to provide more complete responses to discovery requests; (5) to compel David Bentivogli, Esq. to withdraw as Lalime's attorney; and, (6) for entry of default judgments against defendants David R. Miller and Helga Schwartze–Berenguer (Item 42). On January 2, 1996, Dingman moved to preclude the use of Edward Malloy's deposition (Item 45).

Numerous pleadings and memoranda of law were filed in connection with these motions, and oral argument was scheduled for February 5, 1996. On that date, defense counsel appeared, including out-of-town counsel for Dingman. However, Mr. Goldberg did not appear for the argument nor did he contact the court or any other counsel to request an adjournment. Instead, Michael K. Sawicki, Esq., appeared as local counsel on behalf of plaintiffs. Mr. Sawicki advised the court that he was not prepared to discuss the motion to amend the complaint and would instead rely on the papers. He further advised the court that he was withdrawing the motion to disqualify David Bentivogli, Esq. as Lalime's attorney and that the parties were "in agreement" with respect to Dingman's motion to preclude the use of the Malloy deposition (Item 65 at 5–8).

As to Mr. Goldberg's failure to appear, the following colloquy took place:

THE COURT: Now, where is Mr. Goldberg? He is not available today?

MR. SAWICKI: He called me last week to say that he had other business, other reasons why he could not be here. I told him I would look the papers over on the weekend and I would call him this morning. When I called this morning I was told he was traveling and could not be reached. So I can't give you any more explanation than that, Judge.

THE COURT: And none of the other parties knew of this? Were any of you contacted and asked to reschedule this?

MR. HOWELL: No, your Honor.

MR. BENTIVOGLI: No, your Honor.

THE COURT: You're from out of town?

MR. HOWELL: I'm from Washington, D.C., your Honor.

THE COURT: So you traveled up here today for this.

MR. HOWELL: For purposes of this hearing.

(Item 65, at 11–12).

At the hearing, defense counsel requested an award of costs and fees based on Mr. Goldberg's failure to appear (Item 65 at 23). They also requested costs and fees based on their opposition to plaintiffs' omnibus motion.

On February 15, 1996, this court issued an order (Item 60) denying plaintiffs' motion to amend the complaint, denying plaintiffs' motion to compel further discovery from Lalime, and denying plaintiffs' motion to compel further discovery from Dingman. The court also directed further filings with respect to plaintiffs' request for entry of default judgments, and set a schedule for briefing and argument on defendants' applications for costs against Mr. Goldberg. Counsel for Lalime, Dingman and NationsBank submitted their applications for costs, and Mr. Goldberg submitted a response. A hearing was held on March 7, 1996 at which all counsel of record appeared, including Mr. Goldberg. For the reasons set forth below, defendants' applications are granted in part and denied in part.

## DISCUSSION

### 1. Dingman's Application.

■ Defendant Dingman seeks sanctions against Mr. Goldberg pursuant to Fed. R.Civ.P. 37. As the Second Circuit has recently cautioned, a court order awarding monetary sanctions against a party's attorney must set forth its findings "with reasonable specificity in terms of the perceived misconduct and the sanctioning authority." *MacDraw, Inc. v. The CIT Group Equipment Financing, Inc.,* 73 F.3d 1253, 1262 (2d Cir.1996). Dingman's application is the only one which cites authority for imposing monetary sanctions against Mr. Goldberg. According to Dingman's application, sanctions are appropriate under Rule 37(a)(4)(A) and/or (B), based on the court's denial of plaintiffs' motion to compel discovery and its granting of Dingman's motion to preclude the use of the Malloy deposition.

Rule 37 provides that if, during discovery, a party fails to make a disclosure as required elsewhere by the Rules, any other party may move to compel disclosure. The motion papers "must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." Fed. R.Civ.P. 37(a)(2)(A); *see also* Rule 37 of the Local Rules of Civil Procedure for the Western District of New York (discovery motion must contain written affidavit detailing times and places of parties' meetings, correspondence or discussions regarding "sincere attempts to resolve the discovery dispute").

■ Rule 37 also provides the court with sanctioning authority to control abuses of the discovery process. *Thomas E. Hoar, Inc. v. Sara Lee Corp.,* 882 F.2d 682, 687 (2d Cir.1989). Rule 37(a)(4) provides as follows:

(A) If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

(B) If the motion is denied, the court may enter any protective order authorized under Rule 26(c) and shall, after affording an opportunity to be heard, require the moving party or the attorney filing the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

In addition, Fed.R.Civ.P. 16(f) provides the following sanctioning authority:

If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or a party's attorney fails to participate in good faith, the judge,

upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

The purpose of this provision is to "encourage forceful judicial management" by expressly allowing sanctions to be imposed on "disobedient or recalcitrant parties, their attorneys, or both...." Fed.R.Civ.P. 16(f), Advisory Committee Notes (1983 amendment). As one court has explained, "[t]he primary purpose of sanctions in this context is to insure reasonable management requirements for case preparation. The secondary purpose is to compensate opposing parties for inconvenience and expense incurred because of any noncompliance with the reasonable management orders of the court." *Ikerd v. Lacy*, 852 F.2d 1256, 1259 (10th Cir. 1988); *See also Francis v. Women's Obstetrics and Gynecology Group*, 144 F.R.D. 646 (W.D.N.Y.1992) (defense counsel who attended settlement conference unprepared ordered to pay plaintiffs' travel costs and legal fees); *Durant v. Traditional Investments, Ltd.*, 1992 WL 51557 (S.D.N.Y.1992) (defendant who failed to attend pretrial conference ordered to pay plaintiff's expenses incurred thereby).

■ In this case, as set forth in this court's February 15, 1996 order, Mr. Goldberg's motion to compel further discovery from defendant Dingman was denied primarily because the motion papers did not comply with Local Rule 37 and Federal Rule 37(a)(2)(A)—*i.e.*, the papers did not contain a certification or an affidavit detailing "sincere attempts" to resolve the dispute without the need for court action. The motion was also denied because it failed to identify with specificity the discovery requests and responses at issue (*see* Item 60, p. 6). Mr. Goldberg has failed to demonstrate that his noncompliance with the Rules was substantially justified or

that an award of expenses would be unjust. Accordingly, reasonable attorney's fees are appropriate under Rule 37.

■ Reasonable attorney's fees are also appropriate under Rule 16(f) based on Mr. Goldberg's failure to appear or seek an adjournment for argument of his omnibus motion. Upon the filing of Mr. Goldberg's pretrial motions seeking court action to resolve the various disputes, the court set a schedule for briefing and argument. Defense counsel filed opposing papers, and Mr. Goldberg filed reply papers. The court undertook a comprehensive review of the factual background and legal issues. Mr. Goldberg then failed to attend the scheduled argument on Monday, February 5th, and local counsel appeared without a satisfactory explanation as to Mr. Goldberg's whereabouts. Had local counsel been prepared to proceed, this discourtesy may have been excused. However, Mr. Sawicki advised the court that he was not prepared to address the motion to amend and would simply rely on the papers. Furthermore, the case had until that day been handled by Mr. Goldberg and all counsel and the court were fully expecting his appearance. The pending motions raised a number of contested issues of fact and difficult issues of law (for example, whether Mr. Goldberg "used" the unnoticed Malloy deposition to any extent in seeking to compel further documents from Dingman, the proper scope of any such "use," and the proper remedy for any such "use"), which local counsel was not prepared to discuss. Defense counsel and NationsBank counsel appeared, one of whom traveled from Washington, D.C. This court simply will not condone a practice whereby a party's counsel makes numerous requests for pretrial relief, receives ample notice of a schedule for briefing and argument of the issues raised, and then, without prior notice or sufficient explanation, fails to appear at the scheduled time.

The application of Dingman's counsel for an award of attorney's fees and expenses associated with plaintiffs' "omnibus motion" is GRANTED. Based on the affidavit of costs and expenses submitted by counsel, Mr. Goldberg is ORDERED to pay personally

the amount of $1,220.77 to counsel for defendant Dingman, itemized as follows:

| | |
|---|---|
| 3 hours of attorney time @ $135.00 per hour for preparation of opposition papers: | $405.00 |
| 3 hours of attorney time @ $67.50 per hour for round-trip travel from Washington, DC and attendance at oral argument on February 5, 1996 | 202.50 |
| Travel: | 374.00 |
| Transportation: | 41.00 |
| Lodging: | 198.27 |
| TOTAL | $1,220.77 |

## 2. Lalime's Application.

■ Counsel for defendant Lalime has requested sanctions as part of his response to plaintiffs' "omnibus" motion based on Mr. Goldberg's failure to give notice of a subpoena for production of documents served on non-party M & T Bank. Counsel subsequently filed an "Affirmation" seeking reimbursement for time spent in preparing a response to the omnibus motion and attendance at oral argument. The total sought is $775.00 (6.2 hours @ $125.00 per hour). No authority is cited in the application.

Defendant Lalime's application is simply inadequate to warrant relief. It is not clear precisely what he is complaining about. Moreover, Mr. Goldberg's opposition papers attach as Exhibit I an affidavit of service as to the subpoena addressed to M & T Bank. Accordingly, Lalime's applications is denied.

## 3. NationsBank's Application.

■ Counsel for NationsBank has submitted an application for sanctions against Mr. Goldberg based on the amount of attorney time spent responding to plaintiffs' unsuccessful motion to amend the complaint to reassert causes of action against Nations-Bank. This court denied the motion to amend by Order filed February 16, 1996, finding that the proposed amendment was clearly frivolous and advanced a claim that was legally insufficient.

Attorney's fees and expenses are appropriate under Rule 37(a)(4)(B) because the motion to amend was substantially unjustified and plaintiff has not shown that other circumstances make an award of expenses unjust. In addition, attorney's fees and expenses are appropriate under Rule 16(f) based on plaintiffs' counsel's failure to attend argument on the motion and local counsel's

admission that he was not prepare to argue the motion.

However, the amount of attorney time spent by NationsBank's counsel on the motion (18.9 hours) appears to be somewhat high. In fairness, I find that 10 hours represents a reasonable amount of attorney time as a basis for an award of fees on behalf of NationsBank. Accordingly, Mr. Goldberg is ORDERED to pay personally the amount of $1,580.05 to Kevin M. Kearney, Esq., on behalf of NationsBank, itemized as follows:

| | |
|---|---|
| 10 hours of attorney time @ $145.00 per hour: | $1,450.00 |
| Disbursements: | 130.05 |
| TOTAL | $1,580.05 |

## 4. Dingman's Motion to Preclude the Use of the Malloy deposition.

The court's February 15, 1996 order did not contain a provision granting Dingman's motion to preclude the use of the unnoticed Malloy deposition. As indicated in the transcript of the February 5, 1996 hearing (Item 65 at 8), this relief was clearly contemplated by the court and was not opposed, at least at oral argument, by plaintiffs' counsel. Accordingly, defendant Dingman's motion (**Item 45**) to preclude and suppress from use in this action the deposition transcript of Edward Malloy, an employee of Nations-Bank, obtained by plaintiffs on October 19, 1995 without notice to the other parties to the action as required by Fed.R.Civ.P. 30(b), is GRANTED.

### *CONCLUSION*

For the foregoing reasons, the application for attorney's fees and expenses on behalf of defendant Dingman (**Item 58**) is GRANTED in the amount of $1,423.27; the application for sanctions on behalf of defendant Lalime (**Item 63**) is DENIED; and, the application of former defendant NationsBank (**Item 59**) is GRANTED in the amount of $1,580.05. Defendant Dingman's motion (**Item 45**) to preclude the use of the unnoticed deposition of Edward Malloy is GRANTED.

**SO ORDERED.**

DATED: Buffalo, New York
June 4, 1996