WAL–MART STORES, INC., Appellant,

v.

Gary E. LYNCH, Appellee.

No. 06–97–00098–CV.

Court of Appeals of Texas,
Texarkana.

Submitted Aug. 17, 1998.

Decided Aug. 18, 1998.

Opinion Overruling Rehearing Oct. 6, 1998.

Gregory P. Grajezyk, Harbour, Smith, Harris, Longview, for appellant.

Gary E. Lynch, Longview, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

ROSS, Justice.

Wal–Mart Stores, Inc. appeals from an order imposing sanctions because of discovery abuse. Although the facts in the underlying case are not clear, it appears that Gary Lynch permitted Wal–Mart to take three computers from his possession to determine if they were stolen. Wal–Mart believed these computers had been stolen from one of its Sam's Club stores and, after taking them from Lynch, refused to return them. Lynch then sued Wal–Mart for conversion.

In the discovery process of this suit, a hearing was held on August 26, 1996, at which time the court ordered Wal–Mart to supplement its answers to two of Lynch's interrogatories and to verify all supplemental answers. In the order at issue in this appeal, the court found that Wal–Mart had been compelled twice before to comply with discovery requests, that Wal–Mart had failed to comply with the court's order from the hearing held on August 26, and that Wal–Mart had exhibited a continual pattern of abuse of the discovery process. The court again ordered Wal–Mart "to verify all original and supplemented answers made in response to all of plaintiff's interrogatories" and to do so within forty-eight hours of the signing of that order. The court then sanctioned Wal–Mart in the amount of $5,000.00 and made that sum payable to Lynch.

■ Wal–Mart contends that this sanction constitutes an abuse of discretion and that it was improper because the trial court should have attempted to use other means to compel compliance before using monetary sanctions. As this sanction was not "case

determinative," it is not a death penalty sanction. *GTE Communications Sys. Corp. v. Tanner*, 856 S.W.2d 725, 730 (Tex.1993). In nondeath penalty cases, discovery sanctions imposed by a court will be set aside only if the court clearly abused its discretion. *Koslow's v. Mackie*, 796 S.W.2d 700, 704 (Tex. 1990). To establish a clear abuse of discretion, it must be shown that the trial court did not act with reference to any guiding rules and principles. *Id.; Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). The test is whether the action taken was arbitrary or unreasonable in light of all the circumstances of the case. *Koslow's*, 796 S.W.2d at 704. That a trial court may decide a matter within its discretionary authority in a different manner than an appellate court in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Downer*, 701 S.W.2d at 242. A mere error of judgment is not an abuse of discretion. *Loftin v. Martin*, 776 S.W.2d 145, 146 (Tex. 1989); *Pedraza v. Crossroads Sec. Sys.*, 960 S.W.2d 339, 342 (Tex.App.—Corpus Christi 1997, no writ).

■ A trial court does abuse its discretion if the sanction it imposes does not further one of the purposes that discovery sanctions were intended to further. *Bodnow Corp. v. City of Hondo*, 721 S.W.2d 839, 840 (Tex.1986). The purposes of discovery sanctions are: (1) to secure the parties' compliance with the rules of discovery; (2) to deter other litigants from violating the discovery rules; and (3) to punish parties that violate the rules of discovery. *Id.*

■ Wal–Mart presents this case as dealing only with the question of whether verification of supplemental interrogatory responses is necessary and whether monetary sanctions are appropriate for failure to do so. That characterization of the matter is accurate, but incomplete. The trial court sanctioned Wal–Mart for failing to verify its supplemented responses to interrogatories after it had directly ordered Wal–Mart to do so, but that was not the limit of the court's order; the trial judge also sanctioned Wal–Mart for discovery abuse generally.

In *Circle Y of Yoakum v. Blevins,* 826 S.W.2d 753, 756 (Tex.App.—Texarkana 1992, writ denied), this Court held that verification of supplementary responses to interrogatories is not required by the Texas Rules of Civil Procedure. Four other intermediate appellate courts have taken this same position.[1] Two courts of appeals have taken the opposite position.[2] However, we note that in *Circle Y of Yoakum,* the issue of verification was raised in the context of one party attempting to exclude the other party's expert witness because that witness had been designated in a supplemental interrogatory verified only by the attorney and not by the party. The question before this Court now is not whether the trial court erred by excluding evidence because of a failure to properly verify. If that had been the dispute in the trial court, presented for the first time at trial or shortly before trial, as in *Circle Y of Yoakum,* a different situation would exist and we would follow our own precedent in analyzing the judge's actions for error. However, in the instant case, the complaint concerning verification was made early in the discovery proceedings when Wal–Mart had no viable excuse for not obeying the trial court's order to verify all its supplemented responses. Instead, it chose to do so only on its newly filed supplements.

Further, the trial court also stated in its order that Wal–Mart had failed to comply with a prior order and had exhibited a continual pattern of abuse of the discovery process. Wal–Mart addresses this aspect of the order by claiming that it simply did not understand what the trial court wanted it to do and by claiming that it complied with what it believed to be the court's will.

Three different hearings were held on Lynch's various motions to compel.[3] The records taken at those hearings show that Lynch was seeking direct and concise answers to some questions, while seeking full answers to those questions requiring an explanation. At the first hearing, the trial court ordered Wal–Mart to answer questions directly, which asked whether Wal–Mart had taken two of the computers from Lynch's office, rather than in the evasive fashion in which Wal–Mart had answered. The court also ordered Wal–Mart to answer other questions about methods of inventory control and management in such a manner as to be responsive to the questions asked. The court further ordered Wal–Mart to reanswer some questions.

At the second hearing, the trial court reviewed several of the same interrogatories and noted that Wal–Mart had answered those asking about whether an employee had placed telephone calls to manufacturers with a yes or no answer, but then had failed to completely answer the question by providing the gist of the content of the calls to the two manufacturers involved. The court ordered Wal–Mart to answer the interrogatories fully and to verify all interrogatory answers. Wal–Mart took the position then that supplementary answers need not be verified; thus, it is clear that Wal–Mart understood the court's directive.

The trial court issued directives to Wal–Mart after the first two hearings and imposed sanctions after the third hearing. At the end of the first and second hearings, the judges stated that interrogatories were inadequately answered, and the judge stated in the second hearing that he was "getting the impression that Wal–Mart is engaging in a purposeful evading of the intent of the discovery rules." The trial court also informed Wal–Mart that if it failed to comply, sanctions would be imposed. Wal–Mart then answered the interrogatories, but did not obey

1. *Soefje v. Stewart,* 847 S.W.2d 311, 314 (Tex. App.—San Antonio 1992, writ denied); *Kramer v. Lewisville Mem'l Hosp.,* 831 S.W.2d 46, 48 (Tex. App.—Fort Worth 1992), *aff'd,* 858 S.W.2d 397 (Tex.1993) (the supreme court did not answer this question in its opinion); *State v. Munday Enters.,* 824 S.W.2d 643, 652 (Tex.App.—Austin 1992), *rev'd on other grounds,* 868 S.W.2d 319 (Tex.1993); *Jones v. Kinder,* 807 S.W.2d 868, 872 (Tex.App.—Amarillo 1991, no writ).

2. *Morua v. State Farm Fire & Cas. Co.,* 960 S.W.2d 659, 661–62 (Tex.App.—El Paso 1997, no writ); *Dawson–Austin v. Austin,* 920 S.W.2d 776, 792–93 (Tex.App.—Dallas 1996), *rev'd on other grounds,* 968 S.W.2d 319 (Tex. 1998).

3. The first hearing was held by the Honorable James Zimmermann, visiting judge, and the second and third hearings were conducted by the Honorable Alvin Khoury.

the court's order to verify the previously-filed supplemental interrogatories.

At the third hearing on a motion to compel, taking into consideration the history of the suit and the various hearings conducted, the trial judge sanctioned Wal–Mart by imposing a $5,000.00 penalty and ordered Wal–Mart to properly verify the interrogatories within forty-eight hours.

In this case, two different judges reviewed the answers to interrogatories and concluded that they were lacking. The judge at the second hearing also directed Wal–Mart to verify all interrogatory answers, apparently because of some concern about answers that were inconsistent from one set of answers to the next, and warned Wal–Mart about the consequences of failing to comply. In such a situation, we cannot say that the trial court abused its discretion by issuing a sanction against Wal–Mart.

■ Wal–Mart also argues that the trial court had a duty to first use a lesser penalty to seek compliance. This theory applies in cases where death penalty sanctions have been imposed and is not directly applicable to the present case. There is a corollary theory that the sanction should be appropriate, as noted in *Koslow's*. That appropriateness is measured, however, by the same abuse of discretion standard set out above. After reviewing the record, we are not convinced that the trial court exceeded its authority or that the punishment was so excessive as to be wholly inappropriate. No abuse of discretion has been shown.

■ Wal–Mart also contends that the trial court was not authorized to impose monetary sanctions because Tex.R. Civ. P. 215(3) only permits imposition of a specific laundry list of sanctions and imposition of a monetary fine is not one of the permissible sanctions.[4] However, the court's order is clear that the $5,000.00 sanction was imposed under Tex.R. Civ. P. 215(2)(b). This rule authorizes the court to make such orders "as are just" for

failure to comply with proper discovery requests, or failure to obey an order to provide discovery, or failure to obey an order compelling discovery made under paragraph 1 of the rule. We hold that, under the circumstances of this case, monetary sanctions are authorized pursuant to the broad language of this rule.

Wal–Mart further contends that the amount of the fine is improper because it was arbitrary and not just. Determining whether a trial court has abused its discretion in setting a dollar figure on a monetary penalty is not a straightforward computation. The court has the authority to impose such a penalty for the multiple purposes that are enumerated earlier in this opinion, including punishment and deterrence. It is arguable that a smaller fine against Wal–Mart would have had no impact and that the nature of the failure justified imposing a fine in an amount that would make some impact upon the transgressor. In the absence of some clear indication that the amount is improper, we cannot find that the trial court abused its discretion by imposing a $5,000.00 penalty.

The judgment of the trial court is affirmed.

## OPINION ON MOTION FOR REHEARING

ROSS, Justice.

On rehearing, Wal–Mart contends that the sanctions levied should have been directed at counsel rather than at the client because the reason for their imposition was a legal mistake made by counsel. Wal–Mart argues that the reason for their imposition was counsel's decision not to verify all of their discovery responses and that this procedural error is not one for which they should be liable. This Court has previously held that a party should not be punished for the transgressions of its counsel. *Ogunboyejo v. Prudential Property and Cas. Co.,* 844 S.W.2d 860, 863 (Tex.App.—Texarkana 1992, writ de-

---

4. There is a split of authority about whether a trial court using Tex.R. Civ. P. 215(3) is restricted to only the laundry list, or if the general language of Tex.R. Civ P. 215(2)(b) is read into the rule to allow the court to make other orders as are just. *See Ford Motor Co. v. Tyson,* 943 S.W.2d 527, 533–34 (Tex.App.—Dallas 1997, orig. proceeding) (holding that Rule 215(3) limits the court to only the specified penalties); *Braden v. South Main Bank,* 837 S.W.2d 733, 739–40 (Tex.App.—Houston [14th Dist.] 1992, writ denied) (holding that it is read into the rule).

nied); *Glass v. Glass,* 826 S.W.2d 683, 687–88 (Tex.App.—Texarkana 1992, writ denied); *see also Bradt v. West,* 892 S.W.2d 56, 76 (Tex.App.—Houston [1st Dist.] 1994, writ denied) (holding that a party to a civil suit cannot be liable for the intentional wrongful conduct of his attorney unless the client is implicated in some way other than merely having entrusted his legal representation to the attorney).

■ The sanctioned conduct, however, is not so neatly packaged as Wal–Mart contends. The sanctioned conduct referenced by the trial court involves both the answers made to discovery by Wal–Mart and by the manager of the store involved in this litigation, as well as counsel's apparent advice to Wal–Mart that it need not obey the orders of the trial court. In such a situation, even though Wal–Mart is not liable for its counsel's errors, we cannot conclude that Wal–Mart was sanctioned for merely entrusting its representation to the attorney. *See TransAmerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913, 917 (Tex.1991).

The motion for rehearing is overruled.