**EMPIRE, INC., Plaintiff,**

v.

**WAL–MART STORES, INC., Defendant.**

No. CIV.A. 97–93.

United States District Court,
E.D. Kentucky,
Ashland Division.

Aug. 9, 1999.

Barbara B. Edelman, Dinsmore & Shohl LLP, Lexington, Steven A. Riley, Bowen, Riley, Warnock & Jacobson, Nashville, TN, Eric Scott Horstmeyer, Dudley, Topper & Feuerzeig, St. Thomas, VI, for Empire, Inc., plaintiff.

Linsey W. West, Christopher Rennie Cashen, Woodward, Hobson & Fulton, L.L.P., Lexington, for Wal–Mart Stores, Inc., defendant.

### *ORDER*

WILHOIT, Chief Judge.

This matter is before the Court on Plaintiff's application for attorneys' fees and costs [Record No. 98].

## I. FACTS

On May 6, 1999, this Court entered an Order referring this matter to Magistrate Judge James B. Todd to conduct a settlement conference "with all parties fully authorized to settle present with counsel on May 17, 1999 at 9:00 a.m." Also on May 6th, Magistrate Judge Todd entered a more lengthy Order, which directed as follows:

In addition to counsel who will try the case being present, it is required that the parties, or a person with actual settlement authority for the parties, likewise be present for the conference. If a party or representative cannot attend in person, written settlement authorization must be provided to counsel. A person with limited settlement authority, or a person who is not directly or actively associated with the parties, does not meet this requirement.

The settlement conference was held on May 17th, but was not successful. Thereafter, the parties continued settlement negotiations and ultimately requested that Magistrate Judge Todd conduct another settlement conference. On June 18, 1999, Magistrate Judge Todd entered an Order scheduling a second settlement conference for Tuesday, June 29, 1990 at 9:00 a.m., and further ordering that in the event the settlement conference was unsuccessful, an instructions conference would follow.

Prior to June 29, 1999, the parties had several conversations. According to Plaintiff's counsel Eric Horstmeyer, in a June 21st telephone conversation with defense counsel Chris Cashen the parties discussed the possibility of holding a private mediation. Mr. Cashen indicated that Wal–Mart might not be able to beat its last offer at the May 17th settlement conference and the parties agreed that if Wal–Mart held to this position, there would be no reason to hire a private mediator. Because of Mr. Horstmeyer's travel schedule, he requested that Mr. Cashen inform him of Wal–Mart's final position no later than Thursday, June 24th, in which case the parties could contact the Court and request that the settlement conference be canceled.

On June 23rd, Mr. Cashen telephoned Magistrate Judge Todd's chambers and spoke with his law clerk. Don Stanford. Mr. Stanford informed Mr. Cashen that the Court required parties to be present at a settlement conference, but that parties need not be present for a jury instructions conference.

On June 25th, Mr. Cashen informed Plaintiff's counsel Gregg Reynolds that Wal–Mart would not change its previous settlement position. By this time, Mr. Horstmeyer was already en route to Lexington for the Tuesday settlement conference. Mr. Cashen also informed Plaintiff's counsel that he would "cancel the mediation ... as well as the settlement conference." (Cashen Aff. ¶ 9.) On June 28th, Mr. Cashen again called Magistrate Judge Todd's chambers to inform the Court that the settlement conference was canceled. On that same date, he sent a letter via facsimile to Mr. Horstmeyer's office indicating that Wal–Mart did not intend to be at the conference in person and there was no need for Mr. Wells to attend.

On the date of the second settlement conference, Mr. Horstmeyer and Mr. Wells were present. Mr. Cashen was present, but a representative of Wal–Mart with full settlement authority did not attend the settlement conference. Thereafter, Plaintiff filed this application for attorneys' fees and costs based upon Wal–Mart's unilateral cancellation of the settlement conference. Wal–Mart counters that it gave Plaintiff four days' notice that it would not have a representative present and did not act in bad faith in failing to do so. Wal–Mart also argues that it did not violate any court Order in not having a representative present, as it had already "canceled" the settlement conference.

## II. DISCUSSION

Wal–Mart takes great pains in its pleadings to refer to the June 29th conference as a "voluntary settlement conference," apparently suggesting that because the parties had requested the conference, Wal–Mart was free to unilaterally cancel it at any time. This ignores the fact that it was the Court, not the parties, who ordered the settlement conference and, therefore, it is the Court, and only

**480**

the Court, which may set aside its Order. Wal–Mart should never have agreed to and requested the settlement conference in the first place if it knew it had no additional authority to settle.

Wal–Mart also makes much of the fact that it told Plaintiff four days prior to the settlement conference that a Wal–Mart representative would not be present in person and, therefore, it would not be necessary to have Mr. Wells attend in person. This ignores the fact that Wal–Mart never filed any motion with the Court *requesting* the court to set aside the settlement conference. Instead, Wal–Mart unilaterally determined that it would not be necessary to have a representative present and *informed* the Court of this decision.

Wal–Mart also contends that Magistrate Judge Todd's Order did not require a representative of Wal–Mart to appear in person. This is despite the fact that Wal–Mart admits that Magistrate Judge Todd's law clerk, Don Stanford, informed defense counsel that a representative would be required at a settlement conference. Further, the Court finds this argument even more unavailing given Magistrate Judge Todd's extensive Order entered in connection with the first settlement conference, which expressly directs a representative to appear in person. A Wal–Mart representative was present at the first settlement conference. Wal–Mart apparently contends that, because Mr. Stanford told Mr. Cashen that a party need not be present at an instructions conference. Wal–Mart had unilateral authority—without intervention of the Court to cancel the Court-ordered settlement conference. The bottom line is that Wal–Mart never requested that the settlement conference be canceled. Instead, it *informed* the Court that it was unilaterally canceling the conference. Wal–Mart's actions show a lack of respect for this Court and its Orders, which has become a pattern in this action.

■ Courts do not hesitate to impose sanctions for failure to comply with an order. *John's Insulation, Inc. v. L. Addison and Assocs., Inc.*, 156 F.3d 101, 109 (1st Cir.1998) ("It is axiomatic that a party may not ignore a court order with impunity."): *Official Air-*

*line Guides, Inc. v. Goss*, 6 F.3d 1385, 1396 (9th Cir.1993) (holding no abuse of discretion to award sanctions for failure to obey court's order regarding settlement conference); *Jones v. Winnepesaukee Realty*, 990 F.2d 1 (1st Cir.1993) (magistrate judge's order is not frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril); *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437 (10th Cir.1990) (refusing to disturb judgment of dismissal imposed as sanction for failure to comply with discovery orders and failure to appear at settlement conference). Rule 16(a)(5) of the Federal Rules of Civil Procedure states as follows:

> In any action, the court may in its discretion direct the attorneys for the parties and any unrepresented parties to appear before it for a conference or conferences before trial for such purposes as . . . facilitating the settlement of the case.

Rule 16(f) warns parties of the sanctions that may follow for failure to obey a pretrial order:

> If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D).

A sanction for violation of Rule 16(a)(5) do not necessarily require showing of bad faith; if failure to comply is unexcused, sanctions may be appropriate. *Martin Family Trust v. Heco/Nostalgia Enterprises*, 186 F.R.D. 601 (E.D.Cal.1999).

In *Lockhart v. Patel*, 115 F.R.D. 44 (E.D.Ky.1987), the Court ordered defense counsel to attend a settlement conference with someone from the home office with authority to negotiate at least up to the plaintiff's demand of $175,000. At the settlement conference, defense counsel appeared with an

adjuster from the local office. The Court found that the defendant had deliberately refused to obey the order of the court and "such disobedience was deliberately contemptuous, contumacious and purposely demonstrated disrespect and disregard for the authority of the court." *Id.* at 45. As a sanction for this behavior, the court struck the pleadings of the defendant, entered default in the plaintiff's favor, and ordered the trial to go forward on the issue of damages alone. The parties thereafter settled.

The court noted that its opinion was written "solely to discuss the authority of the court to hold meaningful settlement conferences and the propriety of the civil sanction imposed in this instance." *Id.* at 46. The court stated that the Advisory Committee Note "makes clear that the striking of a party's pleadings is an appropriate sanction, as under F.R.Civ.P. 37." *Id.* Of particular relevance to Plaintiff's motion (and Wal-Mart's arguments) in this action is the court's reference to *G. Heileman Brewing Co. v. Joseph Oat Corp.*, 107 F.R.D. 275 (W.D.Wis.1985), *aff'd en banc,* 871 F.2d 648 (7th Cir.1989), which stated the following:

> I do not accept the proposition that Rule 16 does not authorize a court to require the presence of parties with full authority to settle a case .... A settlement conference without all of the necessary parties present is not productive. Neither is a conference of persons who have no authority to settle.

> By bringing their dispute to a court for resolution, the parties have invoked the use of an expensive public resource. It is a misuse of those resources for any party to refuse even to meet personally with the opposing party or its counsel to attempt to resolve their disputes prior to trial.

> It is no argument that it would have been futile for [the defendant or its insurer] to appear by representatives with full authority to settle, simply because these corporations had decided that they would not settle on any terms other than full dismissal of the claims against [the defendant]. It is always possible that exposure of the decisionmakers to the realities of a case will bring about a reevaluation of settlement posture on the part of those persons. Thus it is appropriate for a judicial officer to require that, particularly in complex and protracted litigation, the decisionmakers be made aware of all aspects of the case and the anticipated costs of its prosecution and defense by being personally present before the court.

*Id.* at 277 (cited in *Lockhart,* 115 F.R.D. at 46–47).

The Court finds the language cited in the *Lockhart* decision especially applicable to Wal-Mart's behavior in the present case. Wal-Mart unilaterally determined it unnecessary to comply with the Court's Order. Further, despite determining at least four days prior to the settlement conference that it would not send a representative, Wal-Mart never sought a modification or withdrawal of the Court's Order *prior to* the settlement conference. This shows an utter lack of respect for the Court.

This is not the first time that Wal-Mart's corporate counsel, Mr. Blake Clardy, has failed to attend a settlement conference without advance notice to the court and in violation of a court order. In *Raad v. Wal-Mart Stores, Inc.,* 1998 WL 272879 (D.Neb. May 6, 1998), the court ordered the parties to mediate before a magistrate judge. At the mediation session, the plaintiff and his counsel appeared. Counsel for Wal-Mart was also present, but the Wal-Mart representative—Mr. Clardy—was not personally present. Instead, counsel informed those present that Mr. Clardy would be available by telephone. This was the first anyone had heard that a representative would not personally attend. The magistrate judge attempted to go forward and ultimately ordered Wal-Mart to pay sanctions, a portion of which were affirmed by the district court. The Court notes that Mr. Clardy was the representative who was to attend the settlement conference with Magistrate Judge Todd in the present action.

Wal-Mart has drawn sanctions for its pretrial conduct in several other cases. In *Meissner v. Wal-Mart Stores, Inc.,* A–159,-432 (Tex. Dist. Ct. Jefferson Co. Apr. 1999), the court fined Wal-Mart $18 million and entered default judgment in favor of the

plaintiff on liability because Wal–Mart withheld evidence. In *Woska v. Wal–Mart Stores, Inc.*, No. 95–3998 (Fl. Cir. Ct. Orange Co. Jan. 1998), a Florida court sanctioned Wal–Mart $7,000 for repeated discovery violations. In the case of *Wal–Mart Stores, Inc. v. Davis*, 979 S.W.2d 30 (Tex.App.1998), a Texas court affirmed the imposition of a $120,000 sanction against Wal–Mart for repeated discovery abuses. A Nebraska trial court fined Wal–Mart $5,000 and struck its answer for Wal–Mart's refusal to produce discovery. *Greenwalt v. Wal–Mart Stores, Inc.*, 253 Neb. 32, 567 N.W.2d 560 (1997) (affirming the sanctions). Wal–Mart was fined $15,000 when a Nevada federal court found that it had destroyed photographs of an accident scene. *Shafer v. Wal–Mart Stores, Inc.*, No. 96–650 (D. Nev. June 1996). Another Texas district court fined Wal–Mart $5,000 for its repeated failure to obey discovery orders in *Lynch v. Wal–Mart Stores, Inc.*, (Tex. Dist. Ct. Gregg Co. Aug. 1996). One court noted that "Wal–Mart has chosen extreme discovery abuse as a litigation strategy" and fined Wal–Mart $104,120 plus $1,000 for every day that Wal–Mart failed to comply. *New v. Wal–Mart Stores, Inc.*, 96–8–10571 (Tex. Dist. Ct. Jackson Co.). It seems Wal–Mart has yet to learn a lesson from the repeated imposition of sanctions.

 There is no question in this case that Wal–Mart violated Rule 16 when it disregarded the Court's Order by unilaterally canceling the settlement conference and when a representative failed to attend the settlement conference. The Court finds that the amount requested by Plaintiff is reasonable.

This is the third time this Court has imposed sanctions against Wal–Mart in this action. On November 24, 1998, the Court granted Plaintiff's motion to exclude Wal–Mart's expert report. This was based upon Wal–Mart's representations that it did not maintain documents illustrating or memorializing its "car audio products" return rate, when Wal–Mart's own expert report clearly indicated that Wal–Mart did indeed keep such information, contrary to Wal–Mart's prior assertions.[1] The Court also awarded

Plaintiff its attorneys' fees and costs in connection with this motion. Thereafter, the Court awarded Plaintiff further attorneys' fees when Wal–Mart was not prepared to go forward with the pretrial conference originally scheduled for May 5, 1999. Wal–Mart is hereby admonished that should it in any way frustrate the orderly processes of the Court in the future. Wal–Mart will not be heard to say it is surprised if this Court strikes its pleadings in this action. Anything less than full, total, and absolute cooperation in the resolution of this case will not be tolerated and will result in much more serious sanctions than those imposed today.

### III. CONCLUSION

In accordance with the foregoing.

**IT IS HEREBY ORDERED AND ADJUDGED:**

(1) that Plaintiff's application for attorneys' fees and costs [Record No. 98] is **GRANTED;**

(2) that Plaintiff is awarded **$5,071.00** as sanctions for Wal–Mart's conduct;

(3) that Wal–Mart **SHALL PAY** $5,071.00 to Plaintiff **NO LATER THAN TEN (10)** DAYS after entry of this Order;

(4) that for every day over the ten-day period that Wal–Mart fails to pay the fine to Plaintiff, an additional **$175.00** shall be added to the amount of the fine; and

(5) that Wal–Mart is **ADMONISHED** that any further interference with the orderly administration of this action may result in the most severe sanctions.

---

1. It should be further noted that the Court delayed ruling on Wal–Mart's motion for reconsideration of this Order at the request of the parties, pending the June 29th settlement conference.