**Gary WILSON and Jerri Wilson, Individually and a/n/f of Megan Wilson, a minor, Plaintiffs,**

v.

**WAL–MART STORES, INC., Defendant.**

**Civ.A. No. G–99–482.**

United States District Court, S.D. Texas, Galveston Division.

Feb. 12, 2001.

Richard Lee Melancon, Melancon and Hogue, Friendswood, TX, for Gary Wilson, Jerri Wilson, Megan Wilson, a minor, plaintiffs.

Alan N. Magenheim, Magenheim, Bateman, Robinson, Wrotenbery & Helfand, Houston, TX, for Wal–Mart Stores Inc., defendants.

*ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION*

KENT, District Judge.

This is a personal injury case involving an eight-year-old child who was allegedly severely burned while wearing a garment purchased at a Wal–Mart store. On December 4, 2000, the Court came to hear Plaintiffs' Motion for Sanctions against Defendant Wal–Mart Stores, Inc. ("Wal–Mart"). At that hearing, only one of several held in this case over a period of several months, it became apparent that Wal–Mart's approach to discovery throughout this case has been, at best, grossly inappropriate. Therefore, the Court **ORDERED** that: (1) Wal–Mart is deemed to be the manufacturer of the garment at issue in this case; (2) the jury will be instructed that it may infer bad faith from Wal–Mart's repeated and protracted concealment of relevant documents and witnesses; (3) several recently disclosed witnesses are stricken; (4) Wal–Mart's liability expert is

stricken; and (5) Wal–Mart shall pay $1,000.00 in attorneys' fees to Plaintiffs' counsel. The Court entered an Order to this effect on January 5, 2001. Wal–Mart has now requested that the Court reconsider its January 5, 2001 Order.

At the outset, the Court notes that this is not the first time Wal–Mart has engaged in patently duplicitous behavior before this Court. Within just the past two years, for example, the Court had before it a case in which a television set fell from a shelf in the video department of a Wal–Mart store and landed upon a customer's head. The video department was operated by a lessee. Wal–Mart had the unmitigated gall to inform this Court that it could not determine the identity of the lessee—a party who leased space within Wal–Mart's very own store!

Unfortunately, nefarious conduct is all too common in lawsuits in which Wal–Mart is a party. *See Wal–Mart Stores, Inc. v. Lynch,* 981 S.W.2d 353, 354–357 (Tex.App.—Texarkana 1998, pet. denied) (affirming discovery sanctions for Wal–Mart's purposeful evasion of the discovery rules); *Greenwalt v. Wal–Mart Stores, Inc.,* 253 Neb. 32, 567 N.W.2d 560, 567–68 (1997) (affirming trial court's entry of judgment against Wal–Mart as a discovery sanction); *Empire, Inc. v. Wal–Mart Stores, Inc.,* 188 F.R.D. 478, 482 (E.D.Ky. 1999) (imposing discovery sanctions for the third time in the same action after Wal–Mart did not attend a court ordered settlement conference); *Wal–Mart Stores, Inc. v. Davis,* 979 S.W.2d 30, 46–47 (Tex.App.—Austin 1998, pet. denied) (affirming sanctions in excess of $100,000 for Wal–Mart's repeated discovery abuses); *Stevenett v. Wal–Mart Stores, Inc.,* 977 P.2d 508, 512–14 (Utah Ct. App.1999) (affirming sanctions). As the seemly *coup de gras* to this appalling list of arrogance, a Texas State District Court entered a default judgment against Wal–Mart and fined it $18 *million* dollars because Wal–Mart withheld relevant evidence in a personal injury case. *Meissner v. Wal–Mart Stores, Inc.,* A–159,432 (Tex. Dist. Ct.—Jefferson County 1999). In a milestone of understatement, one of this Court's brethren has recently succinctly summed up the situation, observing that Wal–Mart's "track record on compliance with discovery requests has been poor both in this case and in other cases." *GTFM, Inc. v. Wal–Mart Stores, Inc.,* 2000 WL 335558, *3 (S.D.N.Y. March 30, 2000) (so observing while issuing discovery sanctions for Wal–Mart's misrepresentations). This Court wholeheartedly concurs. Thus, while if viewed in a vacuum, the Court's sanctions in this case may seem severe, the Court emphasizes that this is just another example in a rapidly growing list of Wal–Mart's egregious approach to discovery, a pattern that the Court cannot ignore.

Wal–Mart is an enormous company with an ubiquitous presence throughout the nation. However, simply because Wal–Mart is large does not mean that it can conduct itself in any manner that it pleases without there being consequences. There is a gross disparity in resources between Wal–Mart and little children who are forced to sue when they are injured by a Wal–Mart product. There is, of course, nothing that the Court can do about this, and the Court does not begrudge Wal–Mart's size, which comes through success. However, when Wal–Mart's discovery abuses cause the playing field itself to become unlevel the Court must both promptly and adequately act.

Thus, the Court is left with two alternatives in situations like this: (1) To do nothing and allow abuses to go unchecked or (2) To pick up the pieces and try to put Humpty Dumpty back together again. Here, the Court has endeavored to accomplish the latter option. Wal–Mart has unabashedly abused the Plaintiff in this lawsuit. And now, having had its hand called, it whines. The sanctions imposed do no more than is needed to remedy the disadvantage at which Plaintiff has been placed. Defendant's Motion for Reconsideration is emphatically **DENIED.**

**IT IS SO ORDERED.**